THE CELINA MUTUAL INS. CO., APPELLANT, *v.* SADLER, D. B. A. SADLER TRUCKING CO., ET AL., APPELLEES.

(No. 396—Decided May 25, 1966.)

Mr. Milton C. Boesel and Mr. George E. Schroeder, for appellant.

Mr. Henry P. Mittlekamp, Mr. Robert G. Payne and Messrs. Cable & Cable, for appellees.

GUERNSEY, J. On August 11, 1962, plaintiff, Celina Mutual Insurance Company, Celina, Ohio, issued at its Ft. Jennings, Ohio, agency its policy of insurance insuring the defendant Kenneth Sadler, Ft. Jennings, Ohio, doing business as Sadler Trucking Co., against liability incurred by him in certain operations of his vehicles. On October 21, 1962, one of the insured vehicles, a truck tractor, was being operated near Shartlesville, Pennsylvania, and collided with an automobile, resulting in injuries to four passengers and in injuries to, and the ensuing death of, a fifth passenger. On March 14, 1963, the plaintiff insurer filed its action in the Common Pleas Court of Putnam County, Ohio, seeking a declaratory judgment declaring that it was not obligated under its policy of insurance to defend any suits arising from such collision and that it would not be liable for the payment of any claims, demands, or judgments arising from such collision. Plaintiff claimed that there was no such obligation or liability under the policy for the reason that the tractor was not being operated in the area or in a manner within the scope of the policy coverage. The original defendants in the declaratory judgment action were Kenneth Sadler and James Sadler, the driver of the tractor; and Charles Violet, the owner of a semi-trailer operated in conjunction with the tractor at the time of the collision, was subsequently joined.

Suits were thereafter filed in the federal District Court of Pennsylvania by the injured and on behalf of the estate of the deceased for the recovery of their respective damages. The record is not clear as to the parties defendant, but it is implied that Kenneth Sadler is a party defendant in each of these suits. It also appears in the record that the plaintiff insurance company is licensed to do business in the state of Pennsylvania and amenable to the process of its courts.

Pursuant to hearing of the declaratory judgment action the Common Pleas Court of Putnam County made its finding "that the plaintiff has no cause of action as claimed in its amended petition," and rendered its judgment that the second amended petition be dismissed. Examination of the court's opinion reveals that the court concluded that the injured persons and the personal representative of the deceased were necessary parties to the declaratory judgment action, that without such parties the uncertainty or controversy giving rise to the proceeding would not be terminated, and that under such circumstances the court should exercise its discretion by refusing to entertain the declaratory judgment action. These conclusions were based on the case of *Keystone Ins. Co.* v. *Warehousing & Equipment Corp.*, 402 Pa. 318, 165 A. 2d 608, wherein the Supreme Court of Pennsylvania held in a similar situation that (page 324) "the nonresident Administrator of a third party who has instituted in another State a wrongful death action against the insured, is a necessary party to a declaratory judgment proceeding in which the insurer seeks a declaration or decree of nonliability under an allegedly pertinent insurance policy and the failure to join the Administrator as a party-defendant and to serve him in Pennsylvania constitutes a fatal defect."

The plaintiff insurance company, appellant herein, has assigned a multitude of errors, but they may be summarized that the trial court erroneously exercised its discretion in refusing to entertain jurisdiction of the declaratory judgment action.

Declaratory judgments are rendered in Ohio pursuant to statutory provisions based on the Uniform Declaratory Judgments Act. Section 2721.07, Revised Code, provides that "courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the

proceeding." The discretion thus vested in a trial court is a limited discretion and would be erroneously exercised in the event the court refused to render a declaratory judgment when the declaration otherwise comes within the scope of the Act and the judgment or decree would terminate the uncertainty or controversy. Borchard, Declaratory Judgments, Second Edition, 293, Chapter V, "Discretion." *Walker v. Walker*, 132 Ohio St. 137; *Schaefer v. First National Bank of Findlay*, 134 Ohio St. 511; and *Radaszewski v. Keating, Exrx.*, 141 Ohio St. 489.

As stated by Judge Zimmerman in his opinion in the case of *Ohio Farmers Indemnity Co. v. Chames*, 170 Ohio St. 209, at 213:

"The use of the declaratory judgment action to establish whether there was coverage under the provisions of a liability insurance policy has often been resorted to by insurers in recent years. In many instances this type of action will determine in advance the advisability of instituting or continuing the prosecution of negligence actions against the insured or others which may come within the protection of the policy and often accomplishes the speedier and more economical disposition of cases of this kind and the avoidance of a multiplicity of actions. Consequently, the remedy should be applied liberally whenever the result will be to settle the controversy one way or the other. A primary purpose of the declaratory judgment action is to serve the useful end of disposing of uncertain or disputed obligations quickly and conclusively."

See, also, *Travelers Indemnity Co. v. Cochrane*, 155 Ohio St. 305.

Would the controversy here have been terminated by the declaratory judgment action in the absence of the joinder as parties defendant of the injured persons and the personal representative of the deceased? In other words, were such parties defendant necessary parties to the declaratory judgment action? Borchard states in his work on Declaratory Judgments, Second Edition, at page 266:

"In the insurance cases, questions have frequently arisen whether, in an action by the insurer against the insured for a declaration of non-liability under the policy and immunity from the obligation to defend, the injured persons who may or may

not have begun suit against the insured are necessary or proper parties. There has been some difference of opinion among the courts even on the question whether the insured was a necessary party, when he was merely a conduit between the company and the injured persons. But most courts have concluded that the insured is a necessary party, whereas the injured persons or at least some of them, even when not necessary, are proper. The courts have differed on the point whether they are indispensable or merely proper. * * *''

To resolve the dispute in the instant case we must first determine whether we are governed by the law of Pennsylvania or by the law of Ohio. There is no doubt that the tort action of the injured persons is governed by the law of Pennsylvania, the *lex loci delicti*. Pennsylvania likewise has a statute, Section 117, Title 40, Purdon's Penna. Statutes, providing:

''No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the insured is liable * * * shall hereafter *be issued or delivered in this State* by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, for the amount of the judgment in the said action, not exceeding the amount of the policy.'' (Emphasis added.)

Although the policy of insurance herein involved had provisions (Paragraph 7, Conditions) which would probably meet the requirements of the Pennsylvania statute, such statute was not applicable and the injured persons would not have a cause of action under the statute because the policy herein was not ''issued or delivered'' in Pennsylvania but, on the contrary,

was issued and delivered in Ohio. See, also, 46 Corpus Juris Secundum 116, Insurance, Section 1191, referring to a policy issued outside of state.

The applicable Ohio statute is Section 3929.06, Revised Code, which provides that upon the recovery of a final judgment by an injured person against an insured tortfeasor "the judgment creditor * * * is entitled to have the insurance money provided for in the contract of insurance * * * applied to the satisfaction of the judgment" and, if the same is not satisfied within thirty days after it is rendered, "may file a supplemental petition [against the insurer] in the action in which said judgment was rendered," "to reach and apply the insurance money to the satisfaction of the judgment."

It has been held that the cited provisions of the Ohio statute are made a part of every liability policy *in Ohio*, that while the word "subrogation" does not appear in the statute the principle of subrogation is clearly involved, that an injured person has a potential interest and a substantial right in the policy from the very moment of his injury, and that, although it does not develop into a vested right until a judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the policy and make them effective in his behalf in the event the insured fails to discharge his duty under the policy. *Hartford Accident & Indemnity Co. v. Randall*, 125 Ohio St. 581.

Thus, the provisions of Section 3929.06, Revised Code, being a part of every liability policy issued in Ohio, such statute is part of the *lex loci contractus* governing the insurance contract, in the absence of provisions in the policy or an intention shown to the contrary. There are no contrary provisions appearing in the policy herein involved, nor contrary intention shown, and we must conclude that the beneficial rights, if any, of the injured persons to the proceeds of the policy are governed by Section 3929.06, Revised Code, rather than by the Pennsylvania statute hereinbefore referred to.

Can such beneficial rights be asserted and recovery thereof had in an action brought in the Pennsylvania courts? Although the Pennsylvania courts could arrive at a contrary conclusion, we think not. The rule is expressed in 15 Corpus Juris Secundum 858, Conflicts, Section 4 g(1)(b):

*"Special statutory remedy.* Where a purely statutory right is created, and a special remedy for the enforcement of the right is also provided by the statute, the statutory remedy must be pursued, and the right will not be enforced in another jurisdiction in which such methods of procedure are unknown."

Section 3929.06, Revised Code, creates in a judgment creditor a purely statutory right to have the insurance proceeds applied to the satisfaction of his judgment and a special statutory remedy for the enforcement of the right by means of a "supplemental petition" filed against the insurer. Under the foregoing rule this remedy could only be pursued in the courts of Ohio and not in those of Pennsylvania.

It thus appears that, even should the injured persons and the personal representative of the deceased be successful in obtaining judgments in their respective tort actions brought in the state of Pennsylvania, they could not proceed either under the Pennsylvania statute or under the Ohio statute to obtain satisfaction of such judgments from the proceeds of the policy in the state courts of Pennsylvania, or in the federal District Courts of Pennsylvania. 36 Corpus Juris Secundum 332, 346, Federal Courts, Sections 165(2) and 168.

The contract of insurance, the rights of the injured persons to the proceeds thereof, and the cause of action against the insurer all being governed by the laws of Ohio, and such cause of action not being maintainable in Pennsylvania, what then is the law of Ohio as to the necessity of joining the injured persons and the personal representative of the deceased in an action by the insurer to avoid liability on the policy brought before such persons have recovered judgments for damages arising from their injuries?

It has been consistently held in Ohio that the rights of an injured plaintiff against an insurer named defendant in a supplemental petition filed under the provisions of Section 3929.06, Revised Code, are the rights of a statutory subrogee and cannot rise above those of the insured, and any defenses which would have been available to the insurer in an action by the insured are available to the insurer in the proceeding on the supplemental petition. The character of the rights and the cause of action given to a judgment creditor under this statute are most thoroughly considered and set forth in Judge Hart's

opinion in the case of *Conold* v. *Stern*, 138 Ohio St. 352, decided by the Supreme Court on June 11, 1941, to which opinion reference is made for fuller explanation and in which case the court held:

"3. When an injured party recovers a final judgment against a person insured under an indemnity insurance policy for injuries caused by such insured, but fails to recover a judgment against the insurer in a supplemental action in which the insured and insurer are parties defendant under Section 9510-4, General Code [now Section 3929.06, Revised Code], on the sole ground that the insurance policy was void because of the failure of the insured to cooperate with the insurer in the defense of the action of the injured party against the insured, such adjudication in favor of the insurer is determinative of the result in its favor in another action brought against it under Section 9510-4, General Code, by another plaintiff who was injured by the insured at the same time and in the same occurrence as the plaintiff first mentioned, and in which latter action the same insured and insurer are again adverse parties on the controlling issue as to whether the insurance policy was valid and in force as between the insurer and insured."

That case is still the law of Ohio, and it may be concluded therefrom that the controlling issue as to coverage was between the insured and the insurer, that the second injured was not a necessary party to the first action, but, notwithstanding, his rights as a subrogee of the insured were concluded thereby as effectively as if he had been a party. We must further conclude that neither the injured parties nor the personal representative of a deceased injured person are necessary parties to an action, as here, between the insurer and the insured whereby the insurer seeks a declaratory judgment relieving it from liability under its policy.

In arriving at this conclusion we are well aware that it was stated in the decision of this court on May 14, 1941, in *Pioneer Mutual Casualty Co. of Ohio* v. *Pennsylvania Greyhound Lines*, 68 Ohio App. 139, a somewhat similar action but determined by the court "as one in chancery for cancellation and not one for a declaratory judgment," that "the representatives of each of the the deceased persons, and each of the injured persons" "are interested in the subject-matter of the

ction, and, unless there is a legal excuse for failure to make them parties, are necessary parties to the action." However, the court concluded that there could be an averment of such legal excuse dispensing with such necessity. Moreover, it will be noted that the court did not have the benefit of the case of *Conold* v. *Stern*, 138 Ohio St. 352, decided by the Supreme Court less than a month thereafter, which, of course, now controls us on the matter of necessity of parties defendant.

The injured persons and the personal representative of the deceased person not being necessary parties to the declaratory judgment action, and, under the authority of *Conold* v. *Stern*, 138 Ohio St. 352, the controlling issue in such action as to the validity of insurance being between the insured and insurer who are adverse parties, a binding and conclusive judgment as to the insured, the insurer, the injured and the deceased may be rendered on such issue, and the declaratory judgment action herein will "terminate the uncertainty or controversy giving rise to the proceeding." Under these circumstances the Common Pleas Court erroneously exercised its discretion in refusing to take jurisdiction of the case and render the declaratory judgment prayed for. Reaching the conclusion that the declaratory judgment action filed in Putnam County, Ohio, will terminate the uncertainty or controversy, we need not speculate as to whether, by virtue of the provisions of Paragraph 7 of the policy Conditions purporting to entitle a person who has secured a judgment against the insured "to recover under this policy to the extent of the insurance afforded by this policy," a nonstatutory third party beneficiary action would lie against the insurer in any jurisdiction where service might be obtained. The question before us is not how many remedies are available but whether the declaratory judgment sought will terminate the uncertainty or controversy.

The Common Pleas Court having committed error prejudicial to the appellant insurer in refusing to take jurisdiction and make a declaration of the rights of the parties, its judgment dismissing the second amended petition is reversed and vacated and the cause is remanded thereto for further proceedings as provided by law.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.