■ TRAVELERS INDEMNITY COMPANY, Appellant, v. JOSEPH D. CHAUVIN et al., Respondents.— Judgment and order insofar as they grant summary judgment to defendants unanimously reversed and otherwise judgment and order affirmed, without costs. Memorandum: Plaintiff insurer seeks a judgment declaring that, by reason of an exclusionary provision in its policy, it is not liable to defend certain claims against its insureds arising out of an automobile accident which occurred in Jefferson County and is not liable to indemnify them for any judgments recovered thereon. The answer raises an issue whether plaintiff is estopped from denying liability under the policy by reason of its conduct in appearing for the insureds and filing answers in the actions which have been brought aganist them in this State. The insureds are Canadian residents, the policy of insurance was issued in Canada and the covered vehicle was garaged and licensed there. In these circumstances the Canadian law of estoppel is applicable. On this motion by plaintiff for summary judgment the defendants have submitted an affidavit by their attorney which states that he has caused an investigation to be made of the law of Ontario, Canada which revealed that if they had not appeared in the action and a default judgment had been obtained against them, the judgment would not have been enforceable in Canada; that by reason of the service of an answer on their behalf by the insurer any judgment thereafter obtained is enforceable in Canada and defendants have thus been prejudiced by the insurer's actions. The insurer, in opposition to this claim of prejudice, submitted an affidavit that that contention " is definitely not substantiated by New York Law ", followed by the fact that section 253 of the Vehicle and Traffic Law gives personal jurisdiction over the defendants Burke and Chauvin; that Ontario has a similar provision in its Highway Traffic Act; that in view of these statutes it would be contrary to New York State public policy to find that the defendants had been prejudiced because they might avoid enforcement of a default judgment; and as to defendant Burke, she attorned to New York State jurisdiction by commencing an action as a plaintiff against other individuals involved in this accident. Whether or not there has been prejudice to the insureds from the insurer's conduct such that the latter is

estopped now from denying liability will turn on the effect which the insurer's conduct has had on the enforceability in Canada of any judgment which might be obtained against the insureds in this jurisdiction. Upon the record before us an issue is presented whether such judgments have been made enforceable in Canada by reason of the insurer's interposition of an answer on behalf of the insureds. The resolution of this issue requires a full examination of Canadian law and is a necessary preliminary to a determination whether estoppel bars the insurer's denial of liability. This issue and the Canadian law can best be explored in a trial of the declaratory judgment action; the issue of estoppel should not be decided upon the affidavits now before us. (*Flemming* v. *Travelers Ins. Co.*, 30 A D 2d 833.) (Appeal from judgment and order of Jefferson Special Term in declaratory judgment action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.,