[No. 6258-9-III.   Division Three.   June 11, 1985.]

Dairyland Insurance Company, *Appellant*, v. State Farm Mutual Automobile Insurance Company, et al, *Respondents*, Lincoln McGinnis, *Appellant*.

*George Fearing, Andrew C. Bohrnsen,* and *Leavy, Schultz & Sweeney,* for appellant Dairyland Insurance.

*Ross R. Rakow* and *Rakow & Hanson,* for appellant McGinnis.

*James A. Perkins, Terry A. Brooks,* and *Brooks & Larson,* for respondents.

GREEN, C.J.—Lincoln McGinnis and Dairyland Insurance Company appeal from a summary judgment dismissing State Farm Mutual Automobile Insurance Company from this declaratory judgment action on the basis, under Idaho law, State Farm's household exclusion absolves it from liability. The primary question is whether State Farm's policy should be interpreted by Idaho or Washington law. We

affirm.

On September 4, 1981, McGinnis, an Idaho resident, was injured when his vehicle was involved in a single car accident in Klickitat County, Washington. He was a passenger in the vehicle which was driven by Donald Kerber, a Washington resident. Kerber was insured by Dairyland Insurance Company. Dairyland's coverage, however, applied only as excess to any other insurance applicable to the accident. McGinnis was insured by State Farm. Its policy contains a household exclusion for bodily injury to "*[a]ny insured* or any member of an insured's family residing in the insured's household." (Italics ours.)

On February 14, 1983, Dairyland filed this action to determine coverage. Cross motions for summary judgment were filed by the two insurance carriers. State Farm, in its motion for summary judgment, phrased the issue presented as:

> State Farm and Dairyland both agree that Idaho law recognizes State Farm's exclusion of liability for McGinnis' damages. *See e.g. Porter v. Farmers Insurance Company of Idaho*, [102 Idaho 132,] 627 P.2d 311 [(1981)]. Thus, if Idaho law applies, State Farm has no coverage for Kerber as to McGinnis' claim and Dairyland's "excess" clause is not applicable. Dairyland is the insurer of Kerber and is primarily liable to McGinnis under its policy.
>
> Similarly, State Farm and Dairyland also agree that Washington has recently held a similar "household exclusion" clause to be inapplicable and void as against public policy. *Mutual of Enumclaw [Ins. Co.] v. Wiscomb*, 97 Wn.2d 203, [643 P.2d 441] (1982). Thus, if Washington law applies, State Farm's coverage is primary and Dairyland's coverage is "excess".
>
> The question presented therefore is whether, according to the law of Washington, under the facts of this case, Washington or Idaho law should be applied to determine the relative insurance policy rights and duties of the parties.

The trial court held Idaho law applies and granted a summary dismissal of State Farm. Dairyland, joined by

McGinnis, appeals.

Initially, Dairyland seeks to avoid application of the household exclusion in State Farm's policy. It contends, although the provision excludes liability for injuries sustained by "any insured", that term applies to Kerber, the one who is liable for the injuries, rather than McGinnis, the passenger. It further argues even if "insured" may be interpreted as including McGinnis, the policy would then be subject to two interpretations and the one which favors coverage must be given effect. We disagree.

The policy is not susceptible of Dairyland's interpretation. To the contrary, the provisions involved here are clear and unambiguous. "Section 1—Liability—Coverage A" in the policy states:

There is no coverage:

. . .

2. For any bodily injury to:

. . .

c. *Any insured* or any member of an insured's family residing in the insured's household.

(Italics ours.) Dairyland has not referred to any provision limiting the term "any insured" to the driver of the vehicle. In fact, the section which includes a driver as an insured also defines the *policy owner* as an insured. Under the general definition section of the policy "*Insured*—means the *person, persons* or organization defined as *insureds* in the specific coverage." A provision in the liability coverage section states:

Who Is an Insured
When we refer to *your car, a newly acquired car* or a *temporary substitute car, insured* means:
1. *you*;
2. *your spouse*;
3. the *relatives* of the first *person* named in the declarations;
4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse*; and
5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

The definition section defines "you" and "your" as "the named insured or named insureds shown on the declarations page." McGinnis is the named insured on the declarations page. Hence, McGinnis falls within the definition of "any insured" in the household exclusion. There is no ambiguity. Thus, Dairyland's initial argument is rejected.

We now turn to the primary issue: Did the court err in holding Idaho law governs interpretation of the policy? In applying Idaho law, the court relied upon the test for determining the choice of law for contracts.

Dairyland, citing *Hime v. State Farm Fire & Cas. Co.*, 284 N.W.2d 829 (Minn. 1979), contends the choice of law test for torts should have been applied because an insurance contract is unique, covering tort liability. Under this analysis, it is argued Washington law should apply because that is the residence of the alleged tortfeasor, the place of injury and where the conduct causing the injury occurred. Dairyland further argues there is a strong public interest in applying Washington law because the household exclusion was declared to be against public policy in *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wn.2d 203, 643 P.2d 441 (1982).

State Farm, on the other hand, contends the court properly applied contract principles in determining the choice of law since the rights and liabilities of the parties arise from the insurance contract. It further asserts the court correctly held *Hime* is "out of the mainstream". Finally, it is argued *Wiscomb* did not invalidate the household exclusion with respect to a nonfamily member, the situation here; therefore, Washington's public policy does not override Idaho's policy of upholding the provision. We agree with State Farm.

██ ██ Washington has held the law of the state with the most significant relationship to the transaction applies. Restatement (Second) of Conflict of Laws §§ 6, 145, 188 (1971). *Barr v. Interbay Citizens Bank*, 96 Wn.2d 692, 697, 649 P.2d 827 (1981); *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 555 P.2d 997 (1976); *Potlatch 1 Fed. Credit*

*Union v. Kennedy,* 76 Wn.2d 806, 810, 459 P.2d 32 (1969); *Baffin Land Corp. v. Monticello Motor Inn, Inc.,* 70 Wn.2d 893, 425 P.2d 623 (1967). Under this rule, it is necessary to identify the crux or gravamen of the action to determine which contacts are relevant. Some of the relevant factors in all choice of law issues are "the protection of justified expectations, . . . the basic policies underlying the particular field of law, . . . certainty, predictability and uniformity of result, and . . . ease in the determination and application of the law to be applied." Restatement (Second) of Conflict of Laws § 6, at 10.

The issue in this declaratory judgment action is not who is at fault; rather, the issue is who should pay for the fault. This is a question of contract interpretation. The most significant contacts to be considered in resolving these questions revolve around the expectations of the parties at the time of contracting, including

 (a) the place of contracting,
 (b) the place of negotiation of the contract,
 (c) the place of performance,
 (d) the location of the subject matter of the contract, and
 (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties.

*Potlatch 1 Fed. Credit Union v. Kennedy, supra* at 809 (quoting Restatement (Second) of Conflict of Laws § 188 (1971)).

The most significant relationship test does not involve simply counting contacts. The relative policies and interests of the states in the subject matter of the contract must also be considered. *Potlatch 1 Fed. Credit Union v. Kennedy, supra* at 810–11; Restatement (Second) of Conflict of Laws § 6(2)(a)–(c).

We conclude the trial court was correct in determining Idaho law applies. State Farm's policy was issued in Idaho to an Idaho resident, who paid premiums in Idaho. Dairyland admits "State Farm's policy holder, Lincoln McGinnis, would, being a resident of Idaho, drive mainly in Idaho."

Therefore, the principal location of the risk and the cost of the policy were presumably established according to Idaho law. Restatement (Second) of Conflict of Laws § 193. Washington recognizes that an insurance company has a "legitimate interest . . . in preventing an increase in the quantum of risk without a corresponding increase in the premium; . . ." *Grange Ins. Ass'n v. MacKenzie*, 103 Wn.2d 708, 712, 694 P.2d 1087 (1985). We agree with the reasoning of *Urhammer v. Olson*, 39 Wis. 2d 447, 451, 159 N.W.2d 688, 690 (1968), which addressed an identical issue. There the court stated:

> Certainly one would not argue that the policy limits in this contract would change when state lines are crossed. Likewise, the other contractual relations, bargained and agreed to by the Minnesota contracting parties, should not change.[1]

Does Washington's public policy concerning the family or household exclusion as set forth in *Mutual of Enumclaw Ins. Co. v. Wiscomb, supra,* outweigh these considerations? We do not think so. There, the part of the exclusion which applies to the insured's family members was held to violate the public policy expressed in our underinsured motorist statute, RCW 48.22.030 *et seq.,* because it prevents recovery by a class of victims who are most frequently exposed to the named insured's negligence and who cannot contract

---

[1]This appears to be the approach taken by the majority of jurisdictions. *Breen v. Aetna Cas. & Sur. Co.,* 153 Conn. 633, 220 A.2d 254 (1966); *Amica Mut. Ins. Co. v. Gifford,* 434 So. 2d 1015 (Fla. Dist. Ct. App. 1983); *Aetna Cas. & Sur. Co. v. Enright,* 258 So. 2d 472 (Fla. Dist. Ct. App. 1972); *Unigard Ins. Group v. Royal Globe Ins. Co.,* 100 Idaho 123, 594 P.2d 633 (1979); *Nationwide Mut. Ins. Co. v. Tillman,* 249 Miss. 141, 161 So. 2d 604 (1964); *Travelers Indem. Co. v. Chauvin,* 34 A.D.2d 1085, 312 N.Y.S.2d 656 (1970); *Roomy v. Allstate Ins. Co.,* 256 N.C. 318, 123 S.E.2d 817 (1962); *Tanglewood Land Co. v. Wood,* 40 N.C. App. 133, 252 S.E.2d 546 (1979); *Celina Mut. Ins. Co. v. Sadler,* 6 Ohio App. 2d 161, 217 N.E.2d 255 (1966); *Davis v. State Farm Mut. Auto. Ins. Co.,* 264 Or. 547, 507 P.2d 9 (1973); *Nationwide Mut. Ins. Co. v. Walter,* 290 Pa. Super. 129, 434 A.2d 164 (1981); *Foundation Reserve Ins. Co. v. Cody,* 458 S.W.2d 214 (Tex. Civ. App. 1970); *see also* Annot., 83 A.L.R.3d 321 (1978); Annot., 20 A.L.R.4th 738 (1983). *But see Kemp v. Allstate Ins. Co.,* 183 Mont. 526, 601 P.2d 20 (1979) (applying statutory law).

for insurance coverage. Hence, a substantial portion of the public was left without insurance and unable to obtain it. *Mutual of Enumclaw Ins. Co. v. Wiscomb, supra* at 208.

Not discussed was the aspect of the exclusion relating to recovery for the *named insured's* injuries sustained after allowing another, not a member of the family, to drive the vehicle. As pointed out by State Farm, the insured can control those driving his or her vehicle. Also, the driver here was not uninsured, but was insured by Dairyland. Nor was the argument made, as it was in *Wiscomb,* that McGinnis could not purchase additional coverage for himself. Hence, there is no clear public policy evidenced in *Wiscomb* which would protect McGinnis, an Idaho resident, against the law of Idaho or relieve him from the burdens of a contract entered into there. *See Andrews v. Continental Ins. Co.,* 444 So. 2d 479 (Fla. Dist. Ct. App. 1984). *Hime,* cited by Dairyland, is similar to *Wiscomb* and thus not helpful here. We therefore conclude the trial court did not err in entering summary judgment in favor of State Farm based on Idaho law giving effect to the exclusion contained in the McGinnis policy.

Since we do not find this appeal to be frivolous as State Farm contends, we decline to award sanctions.

Affirmed.

McINTURFF and THOMPSON, JJ., concur.

Review denied by Supreme Court September 20, 1985.