STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-CLES, APPELLANT, *v.* DARREN WAYNE LAWLOR, RESPONDENT.

No. 16059

October 22, 1985                           707 P.2d 1140

*Brian McKay,* Attorney General, and *Douglas E. Walther,* Deputy Attorney General, Carson City, for Appellant.

*William L. Gardner,* Reno, for Respondent.

----

## OPINION

*Per Curiam:*

This appeal presents the narrow question of whether an exemption to the financial responsibility law is equally applicable to the compulsory insurance law.

Respondent was involved in a minor automobile accident on October 21, 1983. No one was injured, but the automobile struck by respondent sustained $582.00 in damages. At the time of the accident, respondent's automobile was uninsured. It had been in storage and respondent was driving it to see a potential buyer.

Shortly after the accident, respondent purchased automobile insurance, and on November 21, 1983 he filed a release from liability with the Department of Motor Vehicles.

However, because respondent was driving an uninsured vehicle, he was in violation of NRS 485.185,[1] Nevada's compulsory insurance law. NRS 485.185 requires drivers of motor vehicles which are or should be registered in Nevada to continuously maintain security against tort liability. The Department notified respondent that his driving and registration privileges were being suspended pursuant to NRS 485.326,[2] the enforcement compan-

---

[1]NRS 485.185 reads:

1. Every registered owner of a motor vehicle registered in this state and every owner of a motor vehicle which is not registered in this state as required, shall continuously provide with respect to the motor vehicle while it is either present or registered in this state, by a contract of insurance or by qualifying as a self-insurer, security in the amounts set forth in NRS 485.105 as proof of financial responsibility for payment of tort liabilities, arising from maintenance or use of the motor vehicle.

2. Security may be provided by a contract of insurance or by qualifying as a self-insurer in compliance with this chapter.

3. Whenever an application for a driver's license or for registration of a vehicle is made by a person required to maintain proof of financial responsibility by the state of his prior residency, he must file proof with the division of his financial responsibility before he may obtain a license, and maintain it for the period of time which that state requires. If he does not so maintain it, his license and registration must be suspended.

[2]NRS 485.326 reads:

The department of motor vehicles shall suspend the operating privileges and registration of any person convicted of violating NRS 485.185. Those operating privileges and registration must remain sus-

ion to NRS 485.185. NRS 485.326 directs the Department to suspend the driving and registration privileges of a driver convicted of violating NRS 485.185. Suspension continues until the driver shows proof of financial responsibility. Resuspension occurs if proof of financial responsibility is not maintained for a period of 3 years.

Respondent challenged the suspension contending that the release from liability he filed on November 21, 1983 exempted him from having his driving and registration privileges suspended for violating the compulsory insurance law. A Department hearing officer rejected respondent's argument and affirmed the suspension pending compliance with NRS 485.326. On appeal, the district court found that respondent was exempt from the security and suspension requirements of NRS 485.326 by NRS 485.200(8).[3] Because we conclude that NRS 485.200(8) does not provide an exemption to the enforcement provisions of the compulsory insurance law, the decision of the district court must be reversed.

NRS 485.185 is a compulsory insurance law. It requires owners of motor vehicles which are or should be registered in Nevada to continuously maintain insurance, self-insurance or security sufficient to satisfy tort liabilities from the maintenance or use of motor vehicles. The purpose of this law, as far as possible, is to assure that motor vehicles have continuous liability insurance. Nationwide Mut. Ins. Co. v. Liberty Mut. Ins. Co., 401 N.Y.S.2d 675 (N.Y.Sup.Ct. 1976). Anyone who drives an uninsured vehicle which is or should be registered in Nevada violates NRS 485.185.

---

pended until he shows proof of financial responsibility as set forth in NRS 485.307. He shall maintain proof of financial responsibility for 3 years after the reinstatement of his operating privileges and registration in accordance with the provisions of this chapter, and if he fails to do so those operating privileges and registration must again be suspended.

[3]NRS 485.200, in pertinent part, reads:

The requirements as to security and suspension in NRS 485.190 to 485.300, inclusive, do not apply:

8. If, before the date that the division would otherwise suspend the license and registration or nonresident's operating privilege under NRS 485.190, there is filed with the division evidence satisfactory to it that the person who would otherwise have to file security has been released from liability or has received a determination in his favor at a hearing conducted pursuant to NRS 485.191, or has been finally adjudicated not to be liable or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident.

NRS 485.190 through NRS 485.300 is a financial responsibility law. In essence it requires that after an accident caused by an uninsured driver, resulting in damage exceeding $350.00, the Department shall suspend his driving and registration privileges until he provides security sufficient to satisfy claims arising out of the accident and provides proof of future financial responsibility. If the culpable person has not been released from liability, finally adjudicated not to be liable, or has not entered into a written installment agreement satisfying all claims within 20 days after the receipt of an accident report, the Department will proceed in revoking his driving and registration privileges. NRS 485.200 exempts certain individuals from the application of the security and suspension requirements of the financial responsibility law. NRS 485.200 does not apply to violations of the compulsory insurance law.[4]

A financial responsibility law operates in two ways. "The first of these—the 'security suspension' section—attempts to impose financial responsibility for past accidents. The second—the certification section—attempts to insure financial responsibility in the event of future accidents." 1 I. Schermer, Automobile Liability Insurance § 15.01 (2d ed. 1985). A financial responsibility act also "provides leverage for the collection of damages from financially irresponsible persons." Chase v. State Farm Mut. Auto. Ins., 641 P.2d 1305, 1307 (Ariz.App. 1982).

Compulsory insurance makes it illegal to register or operate a vehicle without security for tort liabilities. A financial responsibility law "requires security only after an accident has occurred, or the operator is classified as an habitual offender. The penalties for violation of both types of statutes are similar in that they result in revocation of operator's license and/or vehicle registration [footnotes omitted]." 6B John Appleman & Jean Appleman, Insurance Law and Practice § 4299, p. 302 (rev. 1979). *See also* Grimes v. Government Emp. Ins. Co., 402 N.E.2d 50, 52-54 (Ind.App. 1980). Nevada's financial responsibility law does not attempt to insure that drivers are continuously covered by liability insurance, but rather, attempts to insure that damages from accidents are satisfied before driving and registration privileges are restored. On the other hand, Nevada's compulsory insurance law is mandatory from the outset and can be violated even where there has been compliance with or exemption from the financial responsibility law.

Respondent has failed to convince us that the existence of both

---

[4]Note that NRS 485.200 is expressly limited to the security and suspension requirements of NRS 485.190 to NRS 485.300.

a financial responsibility law and a compulsory insurance law is inconsistent and illogical. Rather NRS 485.185 and NRS 485.190 through NRS 485.300 impose separate obligations. The former insures that vehicles have insurance at all times and the latter creates leverage when uninsured drivers are involved in accidents.

Furthermore, respondent's interpretation would allow drivers falling within the exemptions of NRS 485.200 to go unpunished for driving without insurance. These drivers might be encouraged to drive without insurance in the future, having escaped provisions relating to proof of future financial responsibility. Certainly the legislature did not intend such an absurd result.

Accordingly, the district court's decision is reversed and the hearing officer's decision is reinstated.