PATRICIA SOTIRAKIS, Appellant, v. UNITED SERV-
ICES AUTOMOBILE ASSOCIATION, Respondent.

No. 20100

February 23, 1990                          787 P.2d 788

*Burris & Thomas*, Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *C. Eric
Funston* and *Daniel F. Polsenberg*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Patricia Sotirakis (Patricia) was a passenger in an automobile driven by her husband, Dimitri Sotirakis. The couple was involved in an automobile accident while driving in Las Vegas, Nevada. The accident was caused by the combined negligence of Dimitri and the driver of the other vehicle. At the time of the accident, Patricia and her husband were residents of California and carried an insurance policy which they had purchased in California from United Services Automobile Association (USAA).

After USAA refused Patricia's claim for compensation based on the family exclusion clause contained in the policy, Patricia sued. Patricia then moved for summary judgment on the basis that family exclusion clauses are invalid in Nevada. Patricia further argued that the policy's out-of-state coverage clause, which provides that USAA will pay higher limits required by other states, applies to family exclusion clauses. The district court applied the California law and granted USAA's counter motion for summary judgment. We affirm the district court's decision.

The instant case presents a conflict-of-laws issue. The insurance policy contract between appellant Patricia and respondent (USAA) contains a family exclusion clause. Under California statutes and case law, family exclusion clauses are permissible. Schwalbe v. Jones, 128 Cal.Rptr. 321 (App. 1976). Under Nevada case law, family exclusion clauses are invalid. Zobrist v. Farmers Insurance Exchange, 103 Nev. 104, 734, P.2d 699 (1987); Estate of Neal v. Farmers Insurance Exchange, 93 Nev. 348, 566 P.2d 81 (1977).

In Sievers v. Diversified Mortgage Investors, 95 Nev. 811, 603 P.2d 270 (1979), this court held (1) that the state whose law is applied must have a substantial relation with the transaction; and (2) that the transaction must not be contrary to the public policy of the forum. 95 Nev. at 815, 603 P.2d at 273. Recent cases have continued to follow the *Sievers* approach. *See* Daniels v. National Home Life, 103 Nev. 674, 747 P.2d 892 (1987); Engel v. Ernst, 102 Nev. 390, 395, 724 P.2d 215, 217 (1986).

The Idaho Supreme Court was recently confronted with a fact situation comparable to the one now before us. Draper v. Draper and State Farm Mutual Auto. Ins. Co., 772 P.2d 180 (Idaho 1989). In *Draper,* the appellant sued her husband, the driver of the automobile, and his insurance company for injuries arising

out of an automobile accident. The couple resided in Oregon but the accident took place in Idaho. Their vehicle was registered in Oregon and their insurance policy was issued in Oregon as well. The policy contained a family exclusion clause as well as an "out-of-state coverage" provision which required payment of the higher limits required by a foreign state. *Id.* at 181. The issue before the court was whether to apply Oregon law, which permits family exclusion clauses, or Idaho law, which does not permit family exclusion clauses.

To determine the applicable law, the court in *Draper* applied the same test Nevada used in *Sievers, Daniels,* and *Engel* and stated that the law of the situs should apply unless this factor was outweighed by public policy concerns regarding family members and by the need for uniformity in requiring mandatory insurance of persons using Idaho's highways. *Draper,* 772 P.2d at 182. The court in *Draper* concluded that the state with the most significant relationship to the transaction was Oregon because Oregon was the place of negotiation and issuance of the policy, the place where the automobiles were located, and the residence of the driver and the passenger. *Id.* at 183. *Draper* further concluded that there were no public policy considerations which outweighed the Oregon choice of law. *Id. Draper* is highly persuasive because it applies the choice-of-law test upon which Nevada has been relying, its facts are identical to those in the instant case, and it is consistent with the Restatement (Second) of Conflict of Laws.

The Washington Supreme Court, adopting the significant relationship test, enumerated the factors which determine whether the relationship between the state and the transaction is significant. Dairyland Ins. v. State Farm Mut. Auto Ins., 701 P.2d 806 (Wash. 1985). In *Dairyland,* an Idaho resident was injured in Washington while he was a passenger in his car driven by a Washington resident. Idaho recognizes household exclusions, wheres Washington does not. *Id.* at 807. The court in *Dairyland* applied Idaho law. *Id.* at 809.

In resolving this conflict-of-law issue, the court in *Dairyland* applied the Restatement (Second) of Conflicts of Law, section 188 (1971)[1] which governs choice of law in the absence of effective choice by the parties. The court in *Dairyland* stated that:

---

[1]Section 188 of the Restatement narrows the focus of section 6. Section 6 identifies some of the relevant factors of choice-of-law questions. They include: the protection of justified expectations, the basic policies underlying the particular field of law, predictability and uniformity of result, and ease in determining the law to be applied. Restatement (Second) of Conflict of Laws § 6 at 10 (1969).

the most significant contacts to be considered in resolving such questions revolve around the expectations of the parties at the time of contracting, including:

a. the place of contracting,
b. the place of negotiation of the contract,
c. the place of performance,
d. the location of the subject matter of the contract, and
e. the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Dairyland,* 701 P.2d at 808.

Based on the listed factors, the Washington Supreme Court concluded that Idaho law should apply because the policy was issued in Idaho to an Idaho resident who paid premiums in Idaho. *Id.* at 809. In the instant case, the policy was issued in California to a California resident who paid premiums in California. Moreover, the driver was also a resident of California. These elements support the application of California law. *See* Boardman v. United Services Auto. Ass'n, 470 So.2d 1024, 1032 (Miss. 1985); Cole v. State Auto and Cas. Underwriters, 296 N.W.2d 779, 781 (Iowa 1980); Haines v. Mid-Century Insurance Co., 177 N.W.2d 328 (Iowa 1970); State Farm, Etc., Ins. Co. v. Simmons' Estate, 417 A.2d 488, 491 (N.J. 1980); Belland v. Allstate Ins. Co., 410 N.W.2d 611 (Wis. 1987).

*Dairyland* also persuasively points out that the principal location of the risk and the cost of the policy were probably established according to Idaho law. *Dairyland,* 701 P.2d at 809. Similarly, the cost of the policy in the instant case was determined in California. The Restatement (Second) also recognizes this basis-of-cost theory at section 193. This reasoning is sound, especially when considering that the insureds presumably assumed that their premium was based on California, rather than another state's, rates.

▬▬▬▬

The contacts with the state where the accident occurred are fortuitous; the only contact which Nevada had with the insureds was the mere fact that it was the state in which the insureds happened to have an accident. If this were enough to apply a state's law, then laws would be applied according to the fortuity of where the accident occurred rather than by the provisions of the insured's policy. *See Boardman,* above.

▬▬▬▬

Some cases focus on the expectations of the parties when determining which law governs. *Dairyland,* above; *State Farm,* above. Here, assuming the insureds were aware of the family

exclusion clause, it is unlikely that they expected the clause to be void when travelling in Nevada. Conversely, USAA probably had no expectation of having its family exclusion clause rendered void when its insureds entered Nevada. Therefore, it appears that both parties bargained for an insurance policy which contains a family exclusion clause.

Patricia further contends that the out-of-state coverage clause promises to conform to other states' Financial Responsibility laws where higher coverage is required. She argues that this promise precludes USAA from using the family exclusion clause as the basis for refusing Patricia's claim against her husband.

USAA contends that its out-of-state coverage clause only applies to out-of-state laws requiring higher liability limits. In addition, USAA claims that Nevada's compulsory insurance laws does not apply to policies issued out of state; therefore, USAA is not obligated to pay under the compulsory insurance law because it does require "higher" liability limits.

USAA's out-of-state coverage clause reads as follows:

> If an auto accident to which this policy applies occurs in any state or province other that the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:
> A. If the state or province has:
> 1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
> 2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

Nevada has a compulsory insurance law: NRS 485.185. It only requires owners of motor vehicles which are or should be registered in Nevada to carry continuous insurance. State Department of Motor Vehicles v. Lawlor, 101 Nev. 616, 618, 707 P.2d 1140, 1141 (1985). Here, Patricia and her husband were residents of California, and her vehicle was registered, as it should have been, in California and not Nevada. Therefore, the compulsory insurance law does not apply to Patricia and her husband, and the out-of-state coverage clause does not apply.

We therefore conclude that the trial court did not err in enter-

ing summary judgment in favor of respondent based on California law giving effect to the family exclusion clause contained in Patricia's insurance policy that she purchased in California. The judgment of the district court is affirmed.