KLEINFELD, Circuit Judge:
I respectfully dissent from the order certifying this case to the Nevada Supreme Court. I do not think we need to burden the parties and the Nevada Supreme Court with an additional round of litigation, because this case is controlled by Sotirakis v. United Service Automobile Association.[1]
The policy was issued to Mr. and Mrs. Faehnrich when they both lived in Mississippi. Progressive mailed the policy to the Faehnrichs’ address in Mississippi. The premiums charged were Mississippi-based, and the policy covered cars garaged in Mississippi. The policy provides that Mississippi law controls.
The only connection with Nevada is that after purchasing the policy in Mississippi, the Faehnrichs divorced and Mrs. Faehnrich moved to Nevada. Their children flew out to Nevada the day before Mrs. Faehnrich had her one-car accident. Under Sotirakis, that does not furnish a basis for applying Nevada law.
In Sotirakis, the Nevada Supreme Court held that California law applied to a California insurance contract containing a family exclusion clause between California parties.[2] There, Sotirakis, a California resident covered by a California insurance policy, got into a car accident in Nevada. Her insurance policy contained a family exclusion clause, valid in insurance contracts under California law, but invalid in insurance contracts under Nevada law.[3] Applying Nevada’s choice-of-law test, the Nevada Supreme Court found that all four factors weighed in favor of applying California law: “the policy was issued in California to a California resident who paid premiums in California ... based on California, rather than another state’s, rates,” and the parties “bargained for an insurance policy which contains a family exclusion clause.”[4]
Sotirakis is easily reconciled with the one sentence of dicta in Williams v. United Services Automobile Association[5] and the holding in Daniels v. National Home Life Assurance[6] which provide the sole support for the argument that Nevada law applies.
In Daniels, William Daniels, a Nevada resident, applied for and received life insurance from a Pennsylvania company.[7] The policy contained a choice-of-law provision stating that Missouri law governed. The insurer argued that the policy was a group policy and the master policy had been delivered to a Missouri company in Missouri. Daniels failed to pay his third quarterly premium. The insurance company canceled the insurance policy, but failed to notify Daniels of the cancellation. Notice was not required under Missouri law. A few months after his policy was canceled, Daniels was killed in Las Vegas, Nevada, and his wife brought suit after being denied the benefits of Daniels’s life insurance policy due to cancellation for nonpayment.
The Nevada Supreme Court refused to apply Missouri law because the policy was *1142 not a group policy at all, just an individual policy purchased by a Nevadan, in Nevada, delivered in Nevada, from a Pennsylvania company.[8] The purported Missouri situs was more or less fraudulent. So, the policy was subject to Nevada’s notice provision.[9] Daniels does not hold that public policy is violated when application of another state’s law would preclude coverage to an out-of-state resident on an out-of-state policy, merely that an exclusion denying coverage for a Nevada resident under an insurance contract delivered in Nevada would violate public policy. Thus, Daniels does not control.
Nor does Williams. There, plaintiff-appellant Williams was a member of the Air Force stationed in California but was injured in a car accident during an assignment in Nevada.[10] He sued after he was denied coverage for damages pursuant to his California underinsured motorist coverage, arguing that the law of Nevada should apply because applying California law would violate Nevada’s public policy.[11] The Nevada Supreme Court upheld the application of California law to his California insurance policy.[12] Although Williams says in one sentence of dicta that the Court had previously “applied Nevada public policy only where other states’ laws would preclude all recovery for the injured insured,” [13] this comment could not mean that where another state’s law would preclude recovery, then its law could not apply. If it did mean that, then Sotirakis (the Nevada Supreme Court’s decision relied on by Williams as controlling authority) would have come out the other way. Williams cited Sotirakis with approval,[14] and did not purport to overrule or limit it.
The Nevada Supreme Court explained in Ferdie Sievers and Lake Tahoe Land Company, Inc. v. Diversified Mortgage Investors, “[a] crucial function of choice-of-law rules is that their application should further harmonious relations between states and facilitate commercial intercourse between them. If we disregard this important conflicts function here because a contract provision is not in accord with our statutes and thus violative of a strong forum public policy, we would perhaps rarely find another state’s laws controlling. Consequently, the clear intentions of the parties would be defeated.”[15]
In this circumstance, I do not believe that Nevada would impose its public policy regarding insurance contracts and the family member exclusion on Mississippi any more than Mississippi could impose its public policy on Nevada. That one of the parties had moved to Nevada shortly before the car accident does not furnish a basis for imposing Nevada policy on the contract, because the conduct leading to the contract (as opposed to the accident) did not take place in Nevada. As Sotirakis explained, in upholding the out-of-state choice-of-law provision in the insurance contract at issue, “[t]he contacts with the state where the accident occurred are fortuitous; the only contact which Nevada had with the insureds was the mere fact that it was the state in which the insureds happened to have an accident. If this were enough to apply a state’s law, then laws would be applied according to the *1143 fortuity of where the accident occurred rather than by the provisions of the insured’s policy.” [16]
Because I think the law is clear and the Nevada Supreme Court has never held that Nevada public policy is violated by application of an out-of-state family member exclusion clause in an insurance policy issued out-of-state to out-of-state residents, I think it is unfortunate that we are imposing this very considerable burden on the Supreme Court of Nevada, and imposing considerable additional work, uncertainty, expense, and delay on the litigants in this case.

. 106 Nev. 123, 787 P.2d 788 (1990).

. 106 Nev. 123, 787 P.2d 788, 792 (1990).

. Id. at 789.

. Id. at 790-91.

. 109 Nev. 333, 849 P.2d 265 (1993).

. 103 Nev. 674, 747 P.2d 897 (1987).

. Id. at 898.

. Id. at 899.

. Nev.Rev.Stat. § 687B.320.

. 109 Nev. 333, 849 P.2d 265, 265 (1993).

. Id. at 266.

. Id. at 267.

. Id.

. Id. at 266-67.

. 95 Nev. 811, 603 P.2d 270, 274 (1979).

. Sotirdkis, 787 P.2d at 791.