133 Nev., Advance Opinion 9

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GENEVA M. SIMMONS,
INDIVIDUALLY,
Appellant,
vs.
JESUS MANUEL BRIONES,
Respondent.

No. 69060

FILED

MAR 02 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review of an administrative agency determination refusing to suspend a driver's license for failure to pay a judgment. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed.*

Bailey Kennedy and Sarah E. Harmon, Dennis L. Kennedy, and Amanda L. Stevens, Las Vegas; GEICO Staff Counsel and Eric A. Daly, Henderson, for Appellant.

Cliff W. Marcek, P.C., and Cliff W. Marcek, Las Vegas, for Respondent.

Thomas & Springberg, P.C., and Andrew Thomas, Las Vegas, for Amicus Curiae Nevada Justice Association.

BEFORE HARDESTY, PARRAGUIRRE and PICKERING, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we are asked to determine whether a judgment for attorney fees and costs against an insured driver in an action that

arises out of a motor vehicle accident is a "judgment" for purposes of the NRS Chapter 485[1] nonpayment of judgment statutes. Although respondent successfully sued appellant for damages arising out of a motor vehicle accident, he failed during a trial de novo to obtain an award that sufficiently surpassed the amount of damages that he was previously awarded in arbitration; as a result, appellant's attorney fees and costs were assessed against him. We are now asked to determine whether the judgment for these penalty attorney fees and costs constitutes a "judgment . . . upon a cause of action" arising out of the use of a motor vehicle, such that its nonpayment may result in the suspension of driving privileges under NRS 485.302. We conclude that it does not and we thus affirm.

### FACTS AND PROCEDURAL HISTORY

In August 2010, appellant Geneva Simmons and respondent Jesus Manuel Briones were involved in a motor vehicle accident. Briones filed a complaint against Simmons as a result, asserting negligence and claiming personal injury and property damages. The action was diverted to the mandatory court-annexed arbitration program. The arbitrator found in favor of Briones but reduced Briones' damages award by half, finding Briones 50 percent negligent. Briones requested a trial de novo.

The case was placed in the short trial program, where a jury found in favor of Briones and awarded him damages. The jury also found Briones 50 percent negligent, and his award was reduced by half. Because

---

[1]NRS Chapter 485 was amended in 2015 to change the word "accident" to "crash" throughout. 2015 Nev. Stat., ch. 317, § 150.5, at 1621. Because the underlying action was initiated in 2011, we use the language of the statutes as they existed at that time.

Briones' award failed to exceed the arbitration award by 20 percent, Briones was liable for Simmons' attorney fees and costs under NAR 20(B)(2)(a) (providing that when "the party requesting the trial de novo fails to obtain a judgment that exceeds the arbitration award by at least 20 percent of the award, the non-requesting party is entitled to its attorney's fees and costs associated with the proceedings following the request for trial de novo").

The short trial judge offset the damages and attorney fees and costs awards and entered a net judgment in favor of Simmons (the Simmons Judgment). After Briones failed to pay the judgment, Simmons notified the Nevada Department of Motor Vehicles (DMV) and requested that Briones' driving privileges be suspended until the judgment was satisfied pursuant to NRS 485.302. The DMV suspended Briones' driving privileges.

Briones then requested an administrative hearing to contest the suspension, arguing that NRS 485.302 did not apply because he was never an uninsured driver and the Simmons Judgment was not for personal injury or property damages. The administrative law judge (ALJ) agreed and dismissed and rescinded the suspension. Simmons then filed a petition for judicial review of the decision. The district court denied the petition, agreeing with the ALJ that NRS 485.302 did not pertain to judgments against insured drivers for attorney fees and costs. Simmons appeals, arguing that Briones' driving privileges should have remained suspended because a judgment for attorney fees and costs is within the scope of NRS 485.302.

## DISCUSSION

"When reviewing a district court's denial of a petition for judicial review of an agency decision, this court engages in the same

analysis as the district court." *Rio All Suite Hotel & Casino v. Phillips*, 126 Nev. 346, 349, 240 P.3d 2, 4 (2010). Specifically, we "review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion." *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 423, 851 P.2d 423, 424 (1993). However, issues of statutory construction are questions of law reviewed de novo. *Taylor v. State, Dep't of Health & Human Servs.*, 129 Nev. 928, 930, 314 P.3d 949, 951 (2013).

Pursuant to NRS 485.301(1),

> [w]henever any person fails within 60 days to satisfy any judgment that was entered as a result of an accident involving a motor vehicle, the judgment creditor or the judgment creditor's attorney may forward to the [DMV] immediately after the expiration of the 60 days a certified copy of the judgment.

Upon receipt of the judgment, the DMV must "suspend the license [and] all registrations . . . of any person against whom the judgment was rendered . . . ." NRS 485.302(1). For purposes of these statutes,

> "[j]udgment" means any judgment which shall have become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle for damages, including damages for care and loss of services because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages.

NRS 485.035.

Despite this definition, the parties disagree as to what qualifies as a "judgment" for purposes of the nonpayment of judgment statutes, NRS 485.301 through NRS 485.305. Simmons argues that the nonpayment of judgment statutes unambiguously provide that a "judgment" is any judgment that is causally connected to a motor vehicle accident, including judgments for attorney fees and costs. Therefore, Simmons argues, the DMV was required to suspend Briones' driving privileges for nonpayment of the Simmons Judgment because the Simmons Judgment was entered as a result of the motor vehicle accident cause of action between Simmons and Briones.

Briones argues that the plain language and structure of NRS Chapter 485 indicate that judgments for attorney fees and cost are not within the scope of that chapter, and the purpose behind those laws is to compel payment of damages for injury to person or property caused by uninsured drivers. Therefore, Briones argues, the Simmons Judgment is not a "judgment" within the meaning of the statute because Simmons was awarded attorney fees and costs under arbitration rules and Briones was an insured driver at all times relevant to this case. We agree with Briones.

*The Simmons Judgment is not a judgment subject to NRS Chapter 485*

"It is well established that when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001). Whether statutory terms are plain or ambiguous depends both on the language used and on the context in which that language is used. *Nev. Dep't of Corr. v. York Claims Servs.*, 131 Nev., Adv. Op. 25, 348 P.3d 1010, 1013 (2015); *see also Banegas*, 117 Nev. at

229, 19 P.3d at 250 ("[W]ords within a statute must not be read in isolation, and statutes must be construed to give meaning to all of their parts and language within the context of the purpose of the legislation.").

Reading NRS Chapter 485 as a whole and considering the purpose of the nonpayment of judgment statutes and the language of NRS 485.035, it becomes apparent that "judgment," for NRS Chapter 485 purposes, does not include judgments entered against plaintiffs exclusively for attorney fees and costs. Rather, a "judgment" is one that is entered based on damages awarded for injury to person or property as a consequence of tortiously maintaining or operating a motor vehicle. NRS Chapter 485 is entitled the Motor Vehicle Insurance and Financial Responsibility Act, NRS 485.010, and it is divided into nine sections, three of which provide sources of indemnification for injured motorists. NRS 485.185 to NRS 485.187 are titled "Insurance Required," and they mandate that all motor vehicle owners and operators must maintain liability insurance for the purpose of paying tort liabilities arising from the use of motor vehicles. NRS 485.190 to NRS 485.300 are titled "Security Following Accident" and require security deposits from uninsured motorists involved in car accidents, penalizing any failure to deposit the required security through the suspension of licenses and registrations. Finally, NRS 485.301 through NRS 485.305, the statutes at issue in this case, are titled "Nonpayment of Judgment" and permit the suspension of driving privileges for the nonpayment of judgments entered as a result of a motor vehicle accident.

We previously examined the purpose and function of the "Insurance Required" and "Security Following Accident" statutes in *State, Department of Motor Vehicles v. Lawlor*, 101 Nev. 616, 707 P.2d 1140

(1985). In *Lawlor*, we explained that the "Insurance Required" statutes operate as a "compulsory insurance law." *Id.* at 618, 707 P.2d at 1141. The purpose of a compulsory insurance law "is to assure that motor vehicles have continuous liability insurance" that is "sufficient to satisfy tort liabilities from the maintenance or use of motor vehicles." *Id.* The "Security Following Accident" statutes, however, operate as a "financial responsibility law." *Id.* at 619, 707 P.2d at 1142. The purpose of a financial responsibility law is not to mandate continuous liability insurance, but rather to ensure financial coverage for any damages for injuries incurred in past and future accidents, or in other words, to "create[ ] leverage when uninsured drivers are involved in accidents." *Id.* at 619-20, 707 P.2d at 1142.

Although we did not examine the nonpayment of judgment statutes in *Lawlor*, we conclude that these statutes also operate as a financial responsibility law with the purpose of creating leverage when uninsured drivers are involved in accidents and fail to pay judgments entered against them as a result of such accidents. First, NRS 485.301(1) allows a judgment creditor to forward a certified copy of the judgment to the DMV if the judgment debtor fails to satisfy the judgment after 60 days. NRS 485.301(2) provides "[i]f the *defendant* named in any certified copy of a judgment" is a nonresident, the DMV must transmit the judgment to "the state in which the *defendant* is a resident." (Emphases added.) Thus, NRS 485.301 does not contemplate transmission of judgments to the DMV that are entered against a plaintiff.

Second, under NRS 485.304, the judgment is deemed satisfied for NRS Chapter 485 purposes when an amount equaling the Nevada insurance requirements has been paid, even if the amount of the judgment

exceeds those limits. *Compare* NRS 485.3091(1) *with* NRS 485.304. As noted above, insurance is generally required in an amount deemed sufficient to cover tort liabilities arising from the use of a motor vehicle.

Finally, NRS 485.302(1) provides that the DMV must suspend a judgment debtor's driver's license upon receipt of the judgment, unless certain conditions provided in NRS 485.302(2) or NRS 485.305 are met. NRS 485.302(2) provides that, if the judgment creditor consents, the judgment debtor may be allowed to retain his driving privileges if he furnishes proof of financial responsibility.[2] Alternatively, NRS 485.305 provides that the DMV shall not suspend a driver's license or registration following the nonpayment of a judgment if the judgment debtor (1) gives proof of financial responsibility, (2) obtains an order permitting the payment of the judgment in installments, and (3) does not fail to pay any installment as specified by such an order.

Thus, in the context of the nonpayment of judgment statutes, proof of financial responsibility is a prerequisite for a judgment debtor to retain or recoup his driving privileges. Furthermore, the nonpayment of judgment statutes provide a mechanism through which judgment creditor plaintiffs who have been injured by uninsured drivers can compel payment

---

[2]NRS 485.308(1) provides, in part, that

> [p]roof of financial responsibility may be furnished by filing with the [DMV] the written certificate of any insurance carrier authorized to do business in this State certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility.

from judgment debtor defendants. Therefore, we conclude that, similar to the security following accident statutes, the nonpayment of judgment statutes operate, generally in the context of uninsured drivers, "to insure that damages from accidents are satisfied before driving and registration privileges are restored." *Lawlor*, 101 Nev. at 619, 707 P.2d at 1142.

As explained, NRS Chapter 485 provides several methods of insuring compensation for injuries caused by the tortious use of a motor vehicle. Thus, under the nonpayment of judgments statutes, NRS 485.035 plainly addresses only final judgments for damages "upon a cause of action arising out of the . . . use of any motor vehicle." For example, in a motor vehicle negligence case like this, the damages judgment to which NRS 485.035 refers must be based on the proven cause of action for negligence, that is, a judgment for damages awarded to compensate for the injury caused by the negligent use of a motor vehicle. As attorney fees and costs awarded as a penalty under the arbitration rules cannot be considered damages for negligent use of a motor vehicle, *see, e.g., Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955-56, 35 P.3d 964, 968-69 (2001) (explaining "the difference between attorney fees as a cost of litigation and attorney fees as an element of damage"), *receded from on other grounds as stated in Hogan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007), NRS 485.035 does not include such judgments entered against plaintiffs exclusively for attorney fees and costs.

Here, Briones was not a judgment debtor for damages awarded as a result of negligent injury to person or property based on his use of a motor vehicle. Rather, Simmons was awarded attorney fees and costs for Briones' failure to obtain a jury award sufficiently higher than

the arbitration award pursuant to NAR 20(B)(2)(a). Therefore, Simmons recovered attorney fees and costs pursuant to Nevada's arbitration rules, not as a measure of damages for injuries incurred as the result of a motor vehicle accident. Consequently, we conclude that the Simmons Judgment was not a "judgment" for purposes of NRS 485.035 and its nonpayment cannot be used to suspend Briones' driving privileges under NRS 485.302.

## CONCLUSION

Because we conclude that the Simmons Judgment for attorney fees and costs is not a "judgment" for NRS Chapter 485 purposes, as defined in NRS 485.035, the DMV was not required to suspend Briones' driving privileges upon receipt of the Simmons Judgment. Accordingly, we further conclude that the district court properly upheld the ALJ's decision and we thus affirm the district court's order denying the petition for judicial review.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Pickering