Merrimack,
No. 4445.

DAVID E. PRIDDLE *v.* FARM BUREAU MUTUAL INSURANCE CO. *& a.*

Argued December 7, 1955.

Decided December 31, 1955.

74

*Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the plaintiff.

*Sulloway, Jones, Hollis & Godfrey* and *Guy A. Swenson, Jr.* (*Mr. Swenson* orally), for the defendant company.

*H. Thornton Lorimer* and *Thomas F. Shannon* (*Mr. Shannon* orally), for the defendant Priddle.

DUNCAN, J.   It is well established by the law of this jurisdiction, which is controlling of the question (*Miltimore* v. *Company,* 89 N. H. 272) that the defendant Carole T. Priddle may maintain an action against her husband here for damages arising out of his negligent conduct in this jurisdiction.   *Lumbermens Cas. Co.* v. *Blake,* 94 N. H. 141, 145, and cases cited.   Her right to maintain her tort action is not called in question by these proceedings, but the rights and obligations of the parties by virtue of the contract of insurance are in dispute.

The basic undertakings of the defendant company are set forth in the policy.   Under provisions styled "Coverage F," the company undertook to pay damages which the plaintiff should become obligated to pay "because of bodily injury . . . sustained by any person" as a result of accident arising out of use of the automobile. However, by section 22 of the policy the parties also agreed: "Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued [New York] are hereby amended to conform to such statutes."

Section 167(3) of the New York Insurance Law provides: "No policy or contract shall be deemed to insure against any liability of an insured because of . . . injuries to his or her spouse . . . unless express provision relating specifically thereto is included in the policy."   27 McKinney's Consol. Laws of New York, Anno., s. 167(3).   The policy of insurance issued to the plaintiff contains no provision expressly relating to his liability because of injuries to his wife.   Thus by the express agreement of the parties, the broad undertaking of the company as set forth under "Coverage F" must be considered limited by the provisions of the New York statute which they adopted as a term of the policy.   *Boisvert* v. *Boisvert,* 94 N. H. 357, 358, 359.   Since the policy was issued in New York, to a resident of that state, and specifically refers to the statutes of that state, the parties must be deemed to have intended that the basic obligation of the insurer should be determined in accordance with the law of New York where the principal coverage was to be afforded.   *Hinchey* v. *Surety Company,* 99 N. H. 373, 377.   See *Davis* v. *Insurance Company,* 67 N. H. 218; *Lovell* v. *Railroad,* 75 N. H. 568, 570; *Cunningham* v. *Ferguson,* 81 N. H. 380, 382; Restatement, Conflict of Laws, s. 332 (f), *comment* c; s. 358, *comment* b.

A literal interpretation of *s.* 167(3) of the Insurance Law would support the argument of the defendant company that it is under no obligation to provide coverage with respect to "any liability of the insured because of . . . injuries to his . . . spouse." So far as the policy was intended to provide coverage against liabilities arising in New York it is plain that liability to a spouse was not included. Had this accident occurred in New York, the company would be under no obligation to the insured. *Standard Accident Ins. Co.* v. *Newman,* 47 N. Y. S. (2d) 804, aff'd. 268 App. Div. 967, app. den. 268 App. Div. 1039; *Manhattan Cas. Co.* v. *Cholakis,* 133 N. Y. S. (2d) 90. See also, *Feinman* v. *Bernard Rice Sons,* 133 N. Y. S. (2d) 639; *Katz* v. *Wessel,* 139 N. Y. S. (2d) 564.

The issue presented by this case is whether the provisions of the statute which the parties adopted as a part of their contract likewise relieve the company of any obligation to insure against the insured's liability to his spouse because of an accident which occurred in New Hampshire.

In ascertaining the intention of the parties consideration must be given to the meaning attributed in New York to the language of the New York statute. The statute was first adopted in 1937. Laws of New York (1937), *c.* 669. Prior to its adoption a married woman domiciled in New York lacked the capacity to enforce in the New York courts a cause of action which arose elsewhere against her husband also a resident of New York. *Mertz* v. *Mertz,* 271 N. Y. 466. The 1937 statute amended the Domestic Relations Law of that state to permit the maintenance of suits between spouses (*s.* 1). At the same time it amended the Insurance Law, relieving insurers of the obligation to insure against liability to a spouse, unless they expressly undertook to do so. In 1940 the dual purpose of this legislation was recognized by the Supreme Court of New York in the following language: "These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife." *Fuchs* v. *London & Lancashire Indemnity Co.,* 258 App. Div. 603, 605. And as previously noted, the provisions of section 167(3) of the Insurance Law have since been consistently interpreted by the New York courts to preclude recovery from an insurance company on a New York policy because of a liability of the insured to his spouse arising in that jurisdiction.

This result does not depend however solely upon the circumstance that the insured's liability arose in New York. In *Bradford v. Utica Mutual Ins. Co.*, 39 N. Y. S. (2d) 810, decided in 1943, it was held that the fact that the liability of a Massachusetts insured arose in New York so as to be enforceable under the amendment to the Domestic Relations Law, did not operate to relieve a New York insurer of an obligation undertaken by it in Massachusetts, under the law of which state its obligation was to be determined. Thus it appears that prior to 1954 it was settled only that the insurer was under no obligation where the liability of the insured arose in New York and the policy was issued there. Apart from the comments of the *Fuchs* case, there was no indication one way or the other in the decided cases as to whether the change in the Insurance Law was intended to make policies issued in New York unenforceable as to causes of action which were not dependent for their enforcement upon the amended Domestic Relations Law of New York, because they arose elsewhere.

That issue, presented by the case before us, recently came before the Supreme Court of New York sitting at Special Term in the case of *New Amsterdam Casualty Co.* v. *Stecker*, 145 N. Y. S. (2d) 148. The court held that the New York statute was not intended to permit the insurer to avoid coverage of the liability of its insured to a spouse, when that liability arose in another jurisdiction. Thus as the New York statute has been interpreted, it must be considered to have no limiting effect upon the obligations of the defendant company under the circumstances of this case.

We appreciate that in entering their agreement the parties were not charged with notice of the holding in the *Stecker* case, since decided. But in agreeing in 1954 to adopt the language of the New York statute we think that they may fairly be held to have consented to be bound by the interpretation which should be placed upon it by the courts of that state, and to have intended that the broad coverage of the policy should not be limited with respect to claims of spouses not arising in the State of New York, and hence not requiring the aid of the amended Domestic Relations Law of that state. As was said in the *Stecker* case, *supra,* 150, "no reason exists for supporting a contention that by virtue of these two amendments insurance carriers would have less liability at present than they had prior to the enactment of the aforestated amendments." And previously, in *Katz* v. *Wessel,* 139 N. Y. S. (2d) *supra,*

566, the court observed: "These amendments were . . . implementation of the legislative purpose to permit certain lawsuits between spouses . . . and concomitantly to permit insurance companies to protect themselves from possible frauds inherent *in such actions*." [Italics supplied.]

We recognize that the specific issue has not been passed upon by the highest court of New York, and that the precise holding of *Fuchs* v. *London & Lancashire Indemnity Co., supra,* was in effect overruled by the Court of Appeals in *Stonborough* v. *Preferred Accident Insurance Co.,* 292 N. Y. 154. Yet it does not necessarily follow that the statements of the Appellate Division concerning the legislative intent in enacting Laws of 1937, *c.* 669, were considered to be erroneous. It is not for us to speculate either upon the course which the *Stecker* case may take in the courts of New York, or upon the views which the Court of Appeals may entertain if the issue of this case should ultimately reach that court. Applying the decided cases, we are of the opinion that the parties must be considered to have intended the coverage to extend to the claims of a spouse arising out of an accident occurring outside of New York. See *Williamson* v. *Massachusetts Bonding & Insurance Co.,* (Conn.) 116 A. (2d) 169, decided before *New Amsterdam Casualty Co.* v. *Stecker, supra.* See also, Comment 35 B. U. L. Rev. 291. Accordingly the second question transferred by the Trial Court is answered in the affirmative.

Since the defendant company's duty to defend is at least coextensive with its obligation to satisfy any judgment (*Desrochers* v. *Casualty Co.,* 99 N. H. 129, 134), the first question transferred is likewise answered in the affirmative.

One of the "conditions" of the policy was that the insurance afforded for liability for bodily injuries should "comply with the provisions of the motor vehicle financial responsibility law of any state . . . which shall be applicable . . . to the extent of the coverage and limits required by such law." It also provided for reimbursement of the company by the insured for any payment made solely because of the quoted provision. *Cf. Employers &c. Ins. Co.* v. *Byers,* 99 N. H. 455, 456. The third and fourth transferred questions relate to rights and obligations arising from this "financial responsibility laws" provision of the policy, and the requirements of our statute. RSA ch. 268. See *Hartford Indemnity Co.* v. *Wolbarst,* 95 N. H. 40. Since we hold that the company is

obligated under other terms of the policy, and apart from the requirements of our statute, there is no occasion to answer the third and fourth questions.

*Remanded.*

All concurred.