EMPIRE MUTUAL INSURANCE COMPANY, PLAINTIFF-RE-
  SPONDENT, v. EUGENE MELBURG, VALENTINA MEL-
  BURG, AN INFANT BY HER GUARDIAN *AD LITEM*,
  LUBOV MELBURG, LUBOV MELBURG, INDIVIDUALLY
  AND MARY G. SCHAAFSMA, DEFENDANTS-APPEL-
  LANTS.

Argued February 19, 1975—Decided April 18, 1975.

140

Mr. *Michael J. Cernigliaro* argued the cause for defendant-appellant Mary G. Schaafsma (*Messrs. Campbell, Foley, Lee, Murphy & Cernigliaro,* attorneys).

Mr. *James F. Hammill* argued the cause for plaintiff-respondent (*Mr. Thomas F. Daly,* of counsel; *Messrs. McCarter & English,* attorneys).

PER CURIAM. ▮ ▮ In this declaratory judgment action involving the question of automobile liability insurance coverage under a policy issued by Empire Mutual Insurance Company, we conclude that the trial judge was correct in holding that New York law applied to the construction of the policy, and that under New York law the policy, as written, did not extend coverage to the claim for personal injuries asserted by Lubov Melburg against her husband Eugene Melburg.[1]

---

[1]The present declaratory judgment action stems from a two-car accident in Ocean County, New Jersey. Lubov Melburg was a passenger in one of the vehicles which was being operated by her husband Eugene Melburg. The Melburgs are residents of New York and their vehicle was insured under a liability policy issued in New York by Empire Mutual, a New York based company. The other vehicle was being operated by Mary G. Schaafsma, a New Jersey resident. Lubov Melburg filed a personal injury suit in the New Jersey Superior Court joining Mary G. Schaafsma and her husband Eugene Melburg as defendants. A cross-claim for contribution was filed by Mary G. Schaafsma against Eugene Melburg. Empire Mutual initially undertook to defend Eugene Melburg on the claim against him made by his wife. However, it ultimately disclaimed, asserting that the policy did not extend coverage to an interspousal claim. The instant suit was then filed by Empire Mutual seeking a declaratory judgment that its policy, as written, did not extend coverage to Lubov Melburg's claim against her husband. The suit joined the Melburg's and Mary G. Schaafsma as defendants.

■ However, we also conclude that the grant of Empire Mutual Insurance Company's motion for summary judgment which was affirmed by the Appellate Division was premature, as a potential factual issue existed as to whether or not Empire Mutual by its course of conduct was estopped from asserting non-coverage or had waived its right to do so. See *Merchants Ind. Corp. v. Eggleston*, 37 *N. J.* 114 (1962). This issue was raised by Mary G. Schaafsma in connection with her cross-claim for contribution from Eugene Melburg in Lubov Melburg's action for damages.

At the oral argument of the motion for summary judgment herein, counsel for Schaafsma had stated that he had not yet had the opportunity to conduct discovery proceedings and develop the facts on which he intended to base the claim of waiver or estoppel. He argued that the motion for summary judgment was premature.[2]

The trial judge, in his letter decision granting Empire Mutual's motion for summary judgment, confined his ruling to the question of the applicability of New York law and made no mention of the question of estoppel and waiver. As heretofore noted, we conclude that the grant of the motion was premature and that Schaafsma should have been afforded the opportunity, through discovery proceedings, to develop the facts on which she intended to base the asserted claim of waiver and estoppel. We therefore reverse the grant of summary judgment insofar as this issue is concerned.

■ The question is presented as to whether Lubov Melburg, the plaintiff in the suit for personal injuries, and Eugene Melburg, the co-defendant in the same suit, can take advantage of this ruling. They did not raise the issue of waiver and estoppel in the declaratory judgment ac-

---

[2]Empire Mutual's motion for summary judgment in the declaratory judgment suit was made before answers had been filed and before any discovery had been had by defendants.

tion,[3] their petition for certification was denied and they did not participate in the Schaafsma appeal to this Court (we having granted certification on Schaafsma's petition).

We conclude that the Melburgs should be given the opportunity to assert waiver and estoppel against Empire Mutual on the remand. While Schaafsma was the only party who raised this issue in connection with her cross-claim for contribution against Eugene Melburg, her right is derivative in nature and is so interwoven with and dependent on the Melburgs' rights that they cannot be separated. To afford Schaafsma the relief to which she is entitled we must also allow the Melburgs the opportunity to assert waiver and estoppel against Empire Mutual. See *Glover v. Tide Equipment Co.*, 506 *S. W.* 2d 330, 333 (Ct. of Civ. App. of Texas 1974); *MFA Cooperative Association of Ash Grove v. Elliot,* 479 *S. W.* 2d 129, 134 (Mo. Ct. of App. 1972).

We wish to make it perfectly clear that we are not deciding that a triable factual issue exists as to the question of waiver and estoppel. All that we hold is that Mary G. Schaafsma and the Melburgs should have the opportunity to develop the facts and then present the issue to the trial court for decision.

Reversed and remanded.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN and PASHMAN and Judge CONFORD—5.

*For affirmance*—None.

---

[3]The Melburgs' basic position was that the Court as a matter of public policy should decline to apply New York law and instead construe policy coverage in accordance with New Jersey law.