611 A.2d 100

**ALLSTATE INSURANCE COMPANY**

v.

**Frances HART.**

**No. 109, Sept. Term, 1990.**

Court of Appeals of Maryland.

Aug. 25, 1992.

Edward C. Mackie (Rollins, Smalkin, Richards & Mackie, on brief), Baltimore, for petitioner.

Alan Hilliard Legum, Annapolis, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, CHARLES E. ORTH, Jr., Judge of the Court of Appeals (ret., Specially Assigned), MARVIN H. SMITH, Judge of the Court of Appeals (ret., Specially Assigned), JJ.

ELDRIDGE, Judge.

The Court of Special Appeals in this case held that a household exclusion provision in a Florida automobile insurance policy, issued on a Florida registered automobile and valid under Florida law, should not be enforced by Maryland courts because of Maryland's public policy. We granted a petition for a writ of certiorari to review that holding.

The relevant facts were stipulated to by the parties. Both at the time of the accident giving rise to this case, and at the time the case was decided by the circuit court, Frances Hart and her husband, George Hart, maintained a residence in New York and in Florida, but not in Maryland. They were co-owners of an automobile which was registered in Florida and exhibited Florida license tags. The automobile was covered by an automobile insurance policy which was executed, issued and delivered in Florida by Allstate Insurance Company. George Hart was the named insured in the policy. The policy contained a household exclusion clause, under which liability coverage was excluded for bodily injury to a person related to the insured and residing in the insured's household.

In late 1985, George Hart was driving the automobile in Anne Arundel County, Maryland, with Frances Hart as a passenger. The Hart automobile had just exited from southbound Route 3 by an exit ramp leading to westbound Route 32, when it was struck in the rear by a vehicle going westbound on Route 32 and driven by William Leroy McNatt. Frances Hart was injured in the accident.

Thereafter, Frances Hart filed a tort suit in the Circuit Court for Anne Arundel County, naming as defendants both her husband, George Hart, and William Leroy McNatt. Mrs. Hart alleged that both Mr. Hart and Mr. McNatt were negligent, and that the negligence of each contributed to the accident.

Allstate Insurance Company declined to provide coverage for George Hart because of the household exclusion clause in the insurance policy. Thereupon Frances Hart com-

menced the present action by filing in the Circuit Court for Anne Arundel County, against Allstate, a complaint for a declaratory judgment. Mrs. Hart sought a declaration that the household exclusion clause was invalid because of Maryland public policy and that Allstate was responsible for providing liability coverage to George Hart.

After a hearing and after considering legal memoranda, the circuit court (Goudy, J.) rendered a judgment declaring that Allstate was not responsible for providing liability coverage. The circuit court pointed out that the meaning and validity of the household exclusion clause would ordinarily be determined in accordance with Florida law under the principle of *lex loci contractus*. The court also pointed out that it was conceded that the clause was valid under Florida law. While household exclusion clauses are generally invalid in Maryland to the extent of the compulsory liability coverage under Maryland law, the circuit court held that Maryland's public policy was not sufficiently strong to justify a refusal to apply Florida law.

Upon Frances Hart's appeal, the Court of Special Appeals reversed, "hold[ing] that Maryland public policy is sufficiently strong as to require application of Maryland law, in this case, rather than the rule of *lex loci contractus*." *Hart v. Allstate Ins. Co.*, 83 Md.App. 642, 648, 577 A.2d 373, 376 (1990). Thereafter this Court granted Allstate's petition for a writ of certiorari.

In deciding questions of interpretation and validity of contract provisions, Maryland courts ordinarily should apply the law of the jurisdiction where the contract was made. This is referred to as the principle of *lex loci contractus*. *Kramer v. Bally's Park Place*, 311 Md. 387, 390, 535 A.2d 466, 467 (1988); *Bethlehem Steel v. G.C. Zarnas & Co.*, 304 Md. 183, 188, 498 A.2d 605, 607 (1985), and cases there cited.

It is undisputed that a household exclusion clause in an automobile insurance policy is valid under Florida law. *See also, e.g., Fitzgibbon v. Government Employees Insurance*

*Co.,* 583 So.2d 1020, 1021 (Fla.1991); *Florida Farm Bureau Ins. Co. v. Government Employees Insurance Co.,* 387 So.2d 932, 934 (Fla.1980); *Reid v. State Farm Fire & Cas. Co.,* 352 So.2d 1172, 1173 (Fla.1977). Since the insurance contract in this case was made in Florida, application of the principle of *lex loci contractus* would lead to the conclusion that the household exclusion clause in Allstate's insurance policy was valid and that, therefore, the insurance policy did not afford liability coverage for George Hart under the circumstances here.

■ There is a limited exception to the rule of *lex loci contractus,* however, when a contractual provision is contrary to Maryland public policy. "Nevertheless, for Maryland public policy to override the *lex loci contractus* rule, the public policy must be very strong and not merely a situation in which Maryland law is different from the law of another jurisdiction." *Kramer v. Bally's Park Place, supra,* 311 Md. at 390, 535 A.2d at 467. *See Bethlehem Steel v. G.C. Zarnas & Co., supra,* 304 Md. at 189, 498 A.2d at 608; *Harford Mutual v. Bruchey,* 248 Md. 669, 676, 238 A.2d 115, 119 (1968); *Texaco v. Vanden Bosche,* 242 Md. 334, 340, 219 A.2d 80, 83 (1966). Moreover, "there is a heavy burden on him who urges rejection of foreign law on the ground of public policy," *Harford Mutual v. Bruchey, supra,* 248 Md. at 674, 238 A.2d at 117–118.

■ Maryland's public policy with regard to household exclusion clauses in motor vehicle insurance policies, in light of Maryland's compulsory motor vehicle insurance law, has been the subject of two recent decisions by this Court, *Jennings v. Government Employees Ins.,* 302 Md. 352, 488 A.2d 166 (1985), and *State Farm Mut. v. Nationwide Mut.,* 307 Md. 631, 516 A.2d 586 (1986).

The *Jennings* case, like the case at bar, was a declaratory judgment action by a member of the insured household, injured because of the negligent driving of another member of the insured household, against their automobile insurance company which had denied liability coverage in re-

liance on the household exclusion clause. This Court held that "the household exclusion clause is inconsistent with the public policy which the General Assembly adopted in Ch. 73 of the Acts of 1972, providing for compulsory automobile insurance for all Maryland automobiles with specified required coverages." *Jennings v. Government Employees Ins., supra,* 302 Md. at 357, 488 A.2d at 168.

Our decision in *Jennings* was specifically based upon those provisions of the Insurance Code and the Maryland Vehicle Law mandating that "automobiles, plus many other types of motor vehicles, be covered by automobile insurance policies containing certain types of required coverages." 302 Md. at 357, 488 A.2d at 168–169. The Court in *Jennings* specifically referred to Maryland Code (1977, 1984 Repl. Vol.), § 17–103(b) of the Transportation Article, and Code (1957, 1979 Repl. Vol., 1984 Cum. Supp.), Art. 48A, §§ 539–541, which require in specified minimum amounts bodily injury liability insurance, property damage liability insurance, personal injury protection (PIP) benefits regardless of fault, and uninsured motorist insurance, and which require that specified other coverages be offered. 302 Md. at 358, 488 A.2d at 169.

In *Jennings* we pointed out that in that various statutory provisions constituting the compulsory insurance law, "the General Assembly expressly authorized specified exclusions from the required coverages." 302 Md. at 358, 488 A.2d at 169. The *Jennings* opinion, 302 Md. at 358–359, 488 A.2d at 169, went on to reiterate the principle, applied in numerous cases, "that generally we will not insert exclusions from the required coverages beyond those expressly set forth by the Legislature," citing *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 725, 475 A.2d 454, 463 (1984), and *Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 156, 416 A.2d 734, 737 (1980). More recently we set forth the same principle in the following language (*Gable v. Colonial Ins. Co.,* 313 Md. 701, 704, 548 A.2d 135, 137 (1988)):

"As a matter of statutory construction, where the Legislature has required specified coverages in a particular

category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted."

*See also, e.g., Larimore v. American Ins. Co.,* 314 Md. 617, 622, 552 A.2d 889, 891 (1989); *Nationwide v. USF & G,* 314 Md. 131, 141, 550 A.2d 69, 74 (1988); *Lee v. Wheeler,* 310 Md. 233, 239, 528 A.2d 912, 915 (1987). The Court in *Jennings* quoted Art. 48A, § 541(c)(2)(i), where the Legislature had specifically authorized the household exclusion with regard to uninsured motorist coverage under certain circumstances. 302 Md. at 359–360, 488 A.2d at 170. *See also* Art. 48A, § 545(c), authorizing a household exclusion from PIP coverage under particular circumstances. The *Jennings* opinion, observing that "[n]o similar provision has been enacted with regard to the required liability coverage," stated that "if the Maryland Legislature had intended to permit the household exclusion from required liability coverage, it would have said so." 302 Md. at 359–360, 488 A.2d at 170.

In *State Farm Mut. v. Nationwide Mut., supra,* 307 Md. 631, 516 A.2d 586, the Court pointed out that the *Jennings* holding was based entirely upon the statutory provisions requiring specified minimum liability coverage; it was not based on any general or historic principle of public policy. 307 Md. at 635–637, 516 A.2d at 587–588. The Court thus held in *State Farm* that "a 'household exclusion' clause in an automobile liability insurance policy is invalid to the extent of the minimum statutory liability coverage" but that "it is a valid and enforceable contractual provision as to coverage above that minimum." 307 Md. at 644, 516 A.2d at 592.

Consequently, it is clear from the *Jennings* and *State Farm* cases that the invalidity of household exclusion clauses in motor vehicle insurance policies is based entirely upon the specific statutory provisions mandating motor vehicle insurance, requiring particular coverages at specified minimums, authorizing some exceptions and exclusions, and generally not authorizing other exclusions from the re-

quired coverages. *Jennings* and *State Farm* do not support, and in fact reject, the notion that there is a public policy hostile to household exclusion clauses which extends beyond the scope of the statutorily required insurance coverages.

The General Assembly in the Vehicle Law and the Insurance Code precisely delineated, in terms of vehicles and insurance policies, the scope of the statutorily required motor vehicle insurance coverages. Under Code (1977, 1987 Repl.Vol.), § 17–104(b) of the Transportation Article, the required insurance coverages must be maintained on "a motor vehicle that is required to be registered in this State...." In addition, under Code (1957, 1991 Repl.Vol.), Art. 48A, § 541(a), the statutorily required coverages must be included in "every policy of motor vehicle liability insurance issued, sold, or delivered in this State...." *See Larimore v. American Ins. Co., supra,* 314 Md. at 618–619, 552 A.2d at 889.

If an automobile is not required to be registered in Maryland, and if the insurance policy covering an automobile was not issued, sold, or delivered in Maryland, the statutory provisions mandating particular insurance coverages, authorizing specified exclusions from those coverages, and generally not authorizing other exclusions, are totally inapplicable. If those statutory provisions are inapplicable, then the limited prohibition against household exclusion clauses, which is based entirely on those statutory provisions, is also inapplicable. To hold that the limited prohibition against household exclusion clauses, grounded entirely on the statutory provisions constituting the compulsory insurance law, extends to an automobile which is not required to be registered in Maryland and which is not covered by an insurance policy issued, sold, or delivered in Maryland, would be to extend the statutory provisions beyond the limits carefully drawn by the Legislature.

Since the Maryland public policy against household exclusion clauses is a circumscribed one, applicable only to specified categories of insurance policies and coverages, and

since the insurance policy and liability coverage in the present case do not fall within any of those categories, it would seem to follow that the household exclusion here is not at all inconsistent with Maryland public policy. Even if Florida law were not applied, under the circumstances of this case the household exclusion clause would appear to be valid under Maryland law.

In any event, in light of the limited nature of Maryland's public policy against household exclusion clauses and the express statutory permissibility of household exclusion clauses under some circumstances (Art. 48A, §§ 541(c)(2)(i) and 545(c)), we cannot conclude that there is a sufficiently strong Maryland public policy against household exclusion clauses that would justify disregarding the *lex loci contractus* principle under the facts of this case.[1] *See Kramer v. Bally's Park Place, supra,* 311 Md. at 396, 535 A.2d at 470.

Under circumstances similar to those in the case at bar, courts in other jurisdictions have reached the same conclusion and have applied the principle of *lex loci contractus. See, e.g., Breen v. Aetna Casualty & Surety Co.,* 153 Conn. 633, 637, 220 A.2d 254, 256–257 (1966); *Draper v. Draper,* 115 Idaho 973, 975, 772 P.2d 180, 182 (1989); *Sotirakis v. U.S.A.A.,* 106 Nev. 123, 126–127, 787 P.2d 788, 791–792 (1990); *Priddle v. Insurance Company,* 100 N.H. 73, 75, 119 A.2d 97, 99 (1955); *Empire Mutual Insurance Co. v. Melburg,* 67 N.J. 139, 336 A.2d 483 (1975); *Roomy v. Allstate Insurance Co.,* 256 N.C. 318, 322, 123 S.E.2d 817, 820 (1962); *Dairyland Ins. v. State Farm,* 41 Wash.App. 26, 31–32, 701 P.2d 806, 809, *review denied,* 104 Wash.2d

---

**1.** It should be noted, however, that we are not holding that the *lex loci contractus* principle will always be applied to household exclusion clauses in insurance policies. For example, if a family had lived in Florida when the insurance policy on the family automobile was issued in Florida, but moved to Maryland during the life of the policy, and if Maryland law required that the family car be registered in Maryland, the Maryland compulsory insurance statutes, as construed in the *Jennings* case, would seem to mandate that the household exclusion clause not be enforced to the extent of the minimum required liability coverage.

1016 (1985); *Knight v. Heritage Mut. Ins. Co.,* 71 Wis.2d 821, 825, 239 N.W.2d 348, 351 (1976).

In refusing to apply Florida law, and in holding that the household exclusion clause was invalid under Maryland public policy, the Court of Special Appeals relied on *Bethlehem Steel v. G.C. Zarnas & Co., supra,* 304 Md. 183, 498 A.2d 605. *Bethlehem Steel* involved a construction contract, executed in Pennsylvania, to be performed in Maryland, under which the "promisor agreed to indemnify the promisee against liability for damages resulting from the sole negligence of the promisee." 304 Md. at 185, 498 A.2d at 606. We refused to apply Pennsylvania law, which permitted such an indemnification provision, because of the public policy set forth in Code (1974, 1989 Repl.Vol.), § 5–305 of the Courts and Judicial Proceedings Article. In § 5–305, the General Assembly had expressly declared that such an indemnification provision was "against public policy." In addition, § 5–305 explicitly stated that such a clause was "void and unenforceable." Thus, as pointed out in *Bethlehem Steel, supra,* 304 Md. at 190, 498 A.2d at 608, the Legislature had "unequivocally told the Maryland judiciary" not to enforce the clause. There are no provisions comparable to § 5–305 in the Maryland Vehicle Law or the Maryland Insurance Code applicable to household exclusions in insurance policies. Finally, unlike the statutory provisions involved in the present case, the pertinent statutory provision in *Bethlehem Steel* was not limited to certain contracts, such as ones entered into in Maryland. Instead, § 5–305 of the Courts and Judicial Proceedings Article applied generally to indemnity clauses in construction contracts, without any territorial statutory limitations. The *Bethlehem Steel* case furnishes no support for the Court of Special Appeals' decision here.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY.

**536**

RESPONDENT TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.