OBSTETRICS AND GYNECOLOGISTS WILLIAM G. WIXTED, M.D., PATRICK M. FLANAGAN, M.D., WILLIAM F. ROBINSON, M.D. LTD., a Professional Corporation, Appellants, *v.* RHONDA PEPPER and ROGER PEPPER, Respondents.

No. 14726

January 21, 1985

693 P.2d 1259

*Keefer, O'Reilly & Haight,* and *Robert E. Gaston,* Las Vegas, for Appellants.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* Las Vegas; *Pomeranz, Crockett & Myers,* Las Vegas, for Respondents.

*Allan Earl,* Las Vegas, for Nevada Trial Lawyers Association, Amicus Curiae.

## OPINION

*Per Curiam:*

This appeal concerns the enforceability of an arbitration agreement between appellant medical clinic and respondent patient. Following a hearing, the district court denied appellant's motions to stay respondent's action for negligence pending arbitration and to direct arbitration to proceed. On the record before us, we are not persuaded that the district court erred.

Appellant clinic requires its patients to sign the arbitration agreement at issue before receiving treatment. The agreement provides that all disputes between the parties shall be submitted to binding arbitration. The parties expressly waive their right to a trial. According to the standard procedure of the clinic, the receptionist hands the patient the arbitration agreement along with two information sheets, and informs him or her that any questions he or she may have regarding the agreement will be answered. The patient must sign the agreement before receiving treatment; the physician signs later. If the patient refuses to sign the arbitration agreement, the clinic refuses treatment. Ostensibly, even in the absence of an arbitration agreement, the clinic will consent to provide treatment in some emergency situations, but the record does not reflect that this has ever in fact occurred. The agreement does not give the patient any option to revoke within a specified period of time; once the patient signs the agreement he or she cannot regain the right to a trial.

On November 28, 1979, respondent Rhonda Pepper entered appellant medical clinic to obtain a prescription for an oral contraceptive. Respondent's signature appears on the agreement; however, respondent stated in an affidavit that she has no recollection of either signing the agreement or of its being explained to her. On July 20, 1980, respondent suffered a cerebral incident which left her partially paralyzed. Subsequently respondent filed suit against appellant medical clinic, alleging that the cerebral incident had been caused by the clinic's negligence in prescribing the contraceptive, which was contraindicated by her medical history. Appellant moved to stay the lawsuit pending arbitration and to order arbitration to proceed. Each party submitted an affidavit, and a hearing was held. The district court denied both motions, and ordered respondent's counsel to prepare findings of

fact and conclusions of law, to be filed after approval by appellant's counsel. Counsel being unable to reach agreement, no findings of fact and conclusions of law were ever filed.

NRS 38.045 provides that if a party requests a court to compel arbitration pursuant to a written agreement to arbitrate, and the opposing party denies the existence of such an agreement, the court shall summarily determine the issue. *See* Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721, 729, 558 P.2d 517, 521-522 (1976). Since appellant set up the existence of the agreement to preclude the lawsuit from proceeding, it had the burden of showing that a binding agreement existed. After reviewing the facts, we cannot say that the district court erred in finding that appellant did not sustain that burden.

Initially, we note that the district court did not enter any findings of fact and conclusions of law. The absence of express findings renders it impossible for us to know on what grounds the district court refused to enforce the arbitration agreement. We have previously held, however, that in the absence of express findings, this court will imply findings where the evidence clearly supports the judgment. IAMA Corporation v. Wham, 99 Nev. 730, 734, 669 P.2d 1076, 1078 (1983); Cooper v. Pacific Auto Ins. Co., 95 Nev. 798, 801, 603 P.2d 281, 283 (1979); Gorden v. Gorden, 93 Nev. 494, 496, 569 P.2d 397, 398 (1977).

The district court could certainly have found that the arbitration agreement was an adhesion contract. An adhesion contract has been defined as a standardized contract form offered to consumers of goods and services essentially on a "take it or leave it" basis, without affording the consumer a realistic opportunity to bargain, and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract. Miner v. Walden, 422 N.Y.S.2d 335, 337 (N.Y.Sup.Ct. 1979). The distinctive feature of an adhesion contract is that the weaker party has no choice as to its terms. Wheeler v. St. Joseph Hospital, 133 Cal.Rptr. 775, 783 (Cal. Ct.App. 1976). The arbitration agreement before us clearly falls into this category. It was prepared by appellant medical clinic and presented to respondent as a condition of treatment. Respondent had no opportunity to modify any of its terms; her choices were to sign the agreement as it stood or to forego treatment at the clinic.

An adhesion contract need not be unenforceable if it falls within the reasonable expectations of the weaker or "adhering"

party and is not unduly oppressive. Graham v. Scissor-Tail, Inc., 623 P.2d 165, 172-173 (Cal. 1981). However, courts will not enforce against an adhering party a provision limiting the duties or liabilities of the stronger party absent plain and clear notification of the terms and an understanding consent. Wheeler v. St. Joseph Hospital, 133 Cal.Rptr. at 784.

The district court held a hearing to determine whether an enforceable arbitration agreement existed between the parties. The parties were entitled to present oral testimony at the hearing; instead, they chose to rely on the affidavits they had submitted. Consequently, we must look for facts supporting the decision of the district court in the affidavits of respondent and of appellant's receptionist. The affidavits do not compel the conclusion that respondent knowingly consented to the terms of the agreement. Respondent stated that she did not remember receiving any information regarding the terms of the arbitration agreement. Appellant's receptionist stated that the general policy of the clinic was to inform the patient that any questions he or she might have would be answered. The contents of both affidavits are perfectly consistent with the conclusion that the agreement was never explained to respondent. On these facts the district court may well have found that respondent did not give an informed consent to the agreement and that no meeting of the minds occurred.

Consequently, we conclude that appellant has failed to demonstrate that the district court erred. As the moving party, appellant had the burden of persuading the district court that the arbitration agreement which it wished to enforce was a valid contract. We cannot say as a matter of law that appellant sustained that burden. Since appellant's counsel failed to pursue the entry of findings of facts and conclusions of law, we are bound to presume that the district court found that respondent did not give a knowing consent to the arbitration agreement prepared by appellant clinic. *See* IAMA Corporation v. Wham, 99 Nev. at 734, 669 P.2d at 1078.

Accordingly, we affirm the judgment of the district court and remand for further proceedings.