827 F.2d 480
 Edward M. BERNSTEIN Esq., Carl F. Piazza Esq., individually
and doing business as Bernstein & Piazza,
Plaintiffs-Appellants,
v.
GTE DIRECTORIES CORP., a Delaware corporation; GTE Sales
Corp., a Delaware corporation; GTE Directory
Service Corp., A Delaware corporation,
Defendants- Appellees.
 No. 86-2182.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 11, 1987.
Decided Sept. 3, 1987.
 
 Scott Michael Cantor, Las Vegas, Nev., for plaintiff-appellant.
 Floyd A. Hale, Las Vegas, Nev., for defendant-appellee.
 Appeal from the United States District Court for the District of Nevada.
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Edward M. Bernstein and Carl F. Piazza appeal the district court's grant of partial summary judgment in favor of defendants GTE Directories Corp., GTE Sales Corp. and GTE Directory Service Corp. (collectively referred to as GTE) and subsequent entry of total judgment. See Bernstein v. GTE Directories Corp., 631 F.Supp. 1551 (D.Nev.1986). Bernstein and Piazza contend that the district court erred in upholding a liability limitation clause in a contract for a telephone directory listing and advertisement. We affirm.
 
 I.
 
 2
 Attorneys Bernstein and Piazza entered into a written agreement with GTE for the placement of the attorneys' names and addresses in the white pages and a display advertisement in the yellow pages of the Clark County, Nevada telephone directory. Neither the July 1984 nor the January 1985 white pages contained Piazza's name and listing. The January 1985 yellow pages failed to include the names, listings and display advertisements of either Bernstein or Piazza. Bernstein and Piazza filed suit in state court for breach of contract and negligence, seeking damages in excess of $10,000. GTE removed to federal court and then moved for partial summary judgment. GTE admitted that it had failed to publish the listings and advertisement. It argued, however, that pursuant to the terms and conditions of its agreement with Bernstein and Piazza, its liability to them was limited to the amount that was paid for the advertisements. The district court upheld the liability limitation clause and, after the parties filed a stipulation that appellants had not yet paid anything under the contract, entered judgment against Bernstein and Piazza.
 
 
 3
 We review the order granting summary judgment de novo to determine whether the moving party was entitled to judgment as a matter of law and whether the district court properly found that there were no genuine issues of material fact. Durham v. Kelly, 810 F.2d 1500, 1503 (9th Cir.1987).
 
 II.
 
 4
 Bernstein and Piazza claim that the agreement is an unenforceable adhesion contract. The district court first addressed the issue of whether the agreement was an adhesion contract. The Nevada Supreme Court has defined an adhesion contract as follows:
 
 
 5
 [A]n adhesion contract has been defined as a standardized contract form offered to consumers of goods and services essentially on a "take it or leave it" basis, without affording the consumer a realistic opportunity to bargain, and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract. Miner v. Walden, 101 Misc.2d 814, 422 N.Y.S.2d 335, 337 (N.Y.Sup.Ct.1979). The distinctive feature of an adhesion contract is that the weaker party has no choice as to its terms. Wheeler v. St. Joseph Hospital, 63 Cal.App. 3d 345, 133 Cal.Rptr. 775, 783 (1976).
 
 
 6
 Obstetrics and Gynecologists William G. Wixted, M.D., Patrick M. Flanagan, M.D., William F. Robinson, M.D. Ltd. v. Pepper, 101 Nev. 105, 693 P.2d 1259, 1260 (1985). The district court resolved the issue of adhesion in favor of Bernstein and Piazza.
 
 
 7
 On appeal, Bernstein and Piazza appear to challenge the court's finding. They contend that there were material issues of fact requiring adjudication, that would defeat the grant of summary judgment. Bernstein and Piazza may not appeal from this portion of the decision, because it was not decided adversely to their interests. Galloway v. General Motors Acceptance Corp., 106 F.2d 466, 467 (4th Cir.1939).
 
 
 8
 Second, the district court addressed the issue of whether the adhesion contract was unenforceable. Nevada law will permit the terms of an adhesion contract to be enforced, where there is "plain and clear notification of the terms and an understanding consent" and "if it falls within the reasonable expectations of the weaker ... party and is not unduly oppressive." Obstetrics and Gynecologists, 693 P.2d at 1261. Under the definition provided by the Nevada Supreme Court, the terms of this agreement are enforceable.
 
 
 9
 Bernstein and Piazza's opposition to summary judgment was made primarily on policy grounds. No offering of fact was made to create a fact dispute over the unconscionability of the agreement. The limitation clause was set off in bold type on the reverse side of the form. The front of the agreement clearly referred to the terms on the reverse side. Bernstein and Piazza were practicing attorneys and expert at reading contracts. They do not claim that their consent to the terms was uninformed or that the contract terms fell outside their expectations. The Nevada requirements for enforceability of the adhesion contract were met.
 
 III.
 
 10
 Bernstein and Piazza also contend that the district court erred in granting summary judgment on their tort claim. They claim that GTE was negligent in publishing its directories, thereby breaching its obligation to perform its services in a skillful, careful, and diligent manner. Liability arising from this tort, they argue, is unaffected by the contractual limitation of liability.
 
 
 11
 In order to determine when a breach of contract gives rise to a separate tort claim under Nevada law, we must determine whether "the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties." Bernard v. Rockhill Development Co., 734 P.2d 1238, 1240 (Nev.1987) (per curiam) (quoting Malone v. University of Kansas Medical Center, 220 Kan. 371, 552 P.2d 885, 888 (1976)). Bernstein and Piazza seek damages for lost profits that would have existed if the contract had been properly performed. As a general matter of tort law there is no duty to exercise reasonable care to avoid intangible economic losses of this nature. See W. Prosser and W. Keeton, Torts Sec. 92 (5th ed. 1984). Bernstein and Piazza have failed to establish any cognizable duty under Nevada law apart from and independent of GTE's contractual promises. GTE's nonperformance is therefore actionable only as a breach of contract. See Bernard, 734 F.2d at 1239. Bernstein and Piazza have failed to establish an independent claim.
 
 
 12
 AFFIRMED.