MICHAEL A. WILLIAMS, Appellant, v. UNITED SERV-
ICES AUTOMOBILE ASSOCIATION, Respondent.

No. 22977

March 24, 1993                                    849 P.2d 265

[Rehearing denied July 8, 1993]

*Gifford & Vernon,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F.
Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

### THE FACTS

Appellant Michael A. Williams ("Williams"), a captain in the
United States Air Force stationed in California, suffered injuries
in an automobile accident during a four-week assignment in
Nevada. Williams had loaned his car to a fellow serviceman,

Ronald Bodine ("Bodine"). Bodine planned to drive Williams' car to the airport. Williams accompanied Bodine and rode in his own vehicle as a passenger with Bodine as the permissive driver. En route the car collided with another vehicle in a Las Vegas intersection.

Williams made claims under his, Bodine's, and the other driver's insurance. Respondent, United Services Automobile Association ("USAA"), insured all three individuals. USAA tendered $300,000 to Williams, which represented the full amount of the bodily injury liability coverage under the three applicable policies. Williams then brought additional claims pursuant to his underinsured motorist ("UIM") coverage and Bodine's UIM, medical payments and seat belt coverage provisions. After USAA denied Williams' demands, this action ensued.

USAA filed an NRCP 12(b)(5) dismissal motion for failure to state a claim upon which relief can be granted. USAA argued that the law of California applied to the case and, as such, would preclude Williams' action. Williams responded that Nevada law allowed his recovery and that it should apply. The district court, treating USAA's motion as an NRCP 56 summary judgment motion, entered judgment for USAA. We affirm.

## DISCUSSION

This case presents a conflict-of-law issue. Specifically, the query on appeal is whether the district court erred in finding that California possessed a substantial relationship with the action such that California law governed Williams' insurance contract.

This court has adopted the substantial relationship test to resolve conflict-of-law questions. Sievers v. Diversified Mtg. Investors, 95 Nev. 811, 603 P.2d 270 (1979). Under this test, the state whose law is applied must have a substantial relationship with the transaction; and the transaction must not violate a strong public policy of Nevada. Id. at 815, 603 P.2d at 273.

In Sotirakis v. U.S.A.A., 106 Nev. 123, 787 P.2d 788 (1990), this court delineated factors to determine whether a state possesses a substantial relationship with an insurance contract. These factors provide:

> [T]he most significant contacts to be considered in resolving such questions revolve around the expectations of the parties at the time of contracting, including:
> a. the place of contracting,
> b. the place of negotiation of the contract,

c. the place of performance,

d. the location of the subject matter of the contract, and

e. the domicile, residence, nationality,
place of incorporation and place of business of the parties.

*Sotirakis*, 106 Nev. at 126, 787 P.2d at 790.

On appeal, Williams argues that California does not enjoy a substantial relationship with his insurance contract that would warrant the application of California law.

We hold that Williams has failed to demonstrate reversible error. As application of the substantial relationship factors demonstrates, California's interest in this matter predominated over that of Nevada. Indeed, Williams renewed his insurance policy while stationed in California. He maintained a California residence, paid southern California insurance rates, and primarily drove on California roads.

Additionally, the parties' expectations favor the application of California law. When Williams renewed his policy, the parties assumed that he would primarily drive the vehicle in California. Both parties at least implicitly agree that they did not expect Nevada law to govern.

Moreover, in resolving similar conflict-of-law issues, other jurisdictions and the Restatement (Second) of Conflict of Laws § 193 (1971) provide that the location of the insured risk embodies a significant criterion in deciding which law governs. Diamond Intern. Corp. v. Allstate Ins. Co., 712 F.2d 1498 (1st Cir. 1983); Jones v. American Fire-Indem. Ins. Co., 442 So.2d 772 (La.App.Ct. 1983). These authorities relate that the local law of the state which the parties understood as the principal location of the insured risk during the term of the policy determines the rights and duties under the insurance contract.

In the instant matter, both parties concurred that Williams' insurance rate reflected that Williams would primarily drive his automobile in southern California. In turn, the parties understood that California constituted the principal location of the insured risk. As with the substantial relationship factors, the location of the insured risk criterion favors the application of California law.

In contrast, Nevada has a less significant interest in this litigation. Indeed, Williams' most significant contact with Nevada is that he was in a car accident in this state. "If this were enough to apply a state's law, then laws would be applied according to fortuity of where the accident occurred rather than by the provisions of the insured's policy." *Sotirakis*, 106 Nev. at 126, 787 P.2d at 791.

Additionally, we conclude that application of California law to this case does not violate a strong fundamental public policy of Nevada.

Williams argues that the application of California law violates the Nevada public policy that affords insureds an expansive recovery under UIM coverage. Essentially, he asks for the application of Nevada law simply because it differs from California law. He improperly equates a routine dissimilarity between two states' laws with a violation of a fundamental public policy. In this request, he ignores a tenet of conflict-of-law and choice-of-law jurisprudence:

> A crucial function of choice-of-law rules is that their application should further harmonious relations between states and facilitate commercial intercourse between them. If we disregard this important conflicts function here because a contract provision is not in accord with our statutes and thus violative of a strong forum public policy, we would perhaps rarely find another state's laws controlling.

*Sievers,* 95 Nev. 816, 603 P.2d at 274.

Indeed, in scenarios similar to Williams', we applied Nevada public policy only where other states' laws would preclude *all* recovery for the injured insured. Daniels v. National Home Life, 103 Nev. 674, 747 P.2d 897 (1987) (Nevada public policy outweighed the interest of another state, where the application of the other state's law would have completely precluded the insured's widow from recovery). Conversely, Williams has recovered $300,000 from USAA for his injuries. Thus, although California law precludes Williams' additional recovery, that result does not offend a strong social policy of this state.

We have carefully considered the other issues raised and conclude that they lack merit or need not be addressed given our disposition of this appeal. Accordingly, we affirm the district court's summary judgment entered below.[1]

---

[1] THE HONORABLE CHARLES E. SPRINGER, Justice, and THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.