FILED

NOT FOR PUBLICATION

NOV 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS DEES, | No. 08-16928 |
| Plaintiff - Appellant, | D.C. No. 3:02-CV-00303-HDM-RAM |
| v. | |
| HELMUTH T. BILLY; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Douglas Dees appeals the district court's order compelling arbitration and its

denial of his motion to vacate an arbitration award.  We review the district court's

decision to compel arbitration *de novo*.  *Chiron Corp. v. Ortho Diagnostic Sys.,*

*Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  We reverse the order compelling

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

arbitration, vacate the arbitration award, and remand the matter for further proceedings in district court.

I

The magistrate judge erred to the extent he used the choice-of-law provisions within the arbitration agreement to determine the foundational question of whether the arbitration agreement itself was enforceable, and by misapplying the Nevada substantive relationship test to the question of enforceability. A federal court sitting in diversity must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Nevada has adopted the substantial relationship test for resolving contract conflict-of-laws issues. *See Williams v. United Servs. Auto. Ass'n*, 849 P.2d 265, 266 (Nev. 1993). Whether a substantial relationship exists between the foreign jurisdiction and the transaction is determined by the parties' expectations at the time of contracting. *Id*.

Dees, a Nevada citizen and resident, signed the arbitration agreement in a Nevada doctor's office, which he was referred to by his own Nevada primary physician. There was no evidence that Dees had any knowledge the doctor resided or maintained offices in California or that Dees had any reason to believe he would

-2-

be undergoing any type of treatment in California at the time he signed the arbitration agreement. Therefore, Nevada law applies to the question whether the arbitration agreement is enforceable.

II

Under Nevada law, a contract of adhesion is "a standardized contract form offered to consumers . . . on a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain." *Obstetrics and Gynecologists v. Pepper*, 693 P.2d 1259, 1260 (Nev. 1985). "The distinctive feature of an adhesion contract is that the weaker party has no choice as to its terms." *Id.*

The arbitration agreement was a contract of adhesion because it was given to Dees on a take it or leave it basis with no explanation or indication that he could nevertheless obtain treatment from the clinic. Under Nevada law, a contract of adhesion may still be enforceable if (1) there is "plain and clear notification of the terms," (2) there is an "understanding consent," and (3) the clause "falls within the reasonable expectations" of the weaker party. *Burch v. Second Judicial Dist. Court*, 49 P.3d 647, 649 (Nev. 2002). The doctors have not satisfied their burden of proving all of these elements existed at the time Dees signed the arbitration agreement. *See Pepper*, 693 P.2d at 1260.

Accordingly, arbitration under the agreement should not have been compelled and the arbitration award must be vacated. We remand this matter to the district court for further proceedings on the merits of Dees' complaint.

REVERSED; VACATED; AND REMANDED.