Order; Dissent by Judge KLEINFELD.
ORDER
SUSAN P. GRABER, Circuit Judge.
Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we respectfully certify to the Supreme Court of Nevada the question of law set forth in Section III of this order. That question will determine an issue pending before this court. No precedent in the decisions of the Supreme Court of Nevada controls that issue.
I. Background
The parties stipulated to the relevant facts. Progressive Gulf Insurance Company issued an automobile insurance policy to Randall and Toni Faehnrich, who had two minor children. At the time of contracting, the Faehnrichs resided in Mississippi. The policy contained a Mississippi choice-of-law provision and set coverage limits for bodily injury of $100,000 per person and $300,000 per occurrence. The policy expressly did not cover family members’ bodily injuries.
The Faehnrichs divorced, and Toni Faehnrich moved from Mississippi to Nevada with the two children. Shortly thereafter, while the policy remained in effect, Toni had a one-car accident in the insured vehicle. The accident occurred in Las Vegas, Nevada. The two minor children, who were riding in the car at the time of the accident, sustained bodily injuries.
Randall Faehnrich, as the children’s natural father and legal guardian, presented a claim to the insurer. The insurer denied coverage because of the family-member exclusion. Thereafter the insurer brought this diversity action seeking, among other things, an order declaring that the family-member exclusion is valid and enforceable in Nevada.
The parties moved for summary judgment. The insurer argued that the exclusion is enforceable because the Nevada *1139 courts must apply Mississippi law pursuant to the contract’s choice-of-law provision. The Faehnrichs argued that Nevada public policy requires that they receive the statutory minimum coverage provided in Nevada Revised Statutes section 485.3091. The parties stipulated that, “if Mississippi law is applicable, there is no coverage under the terms and conditions of the Progressive policy.” On the other hand, they agreed that, if Nevada law applies, the coverage limits would be $15,000 per person and $30,000 per occurrence as provided in the statute, the insurer would owe the full $30,000, and the insurer would owe a duty to defend and indemnify Toni up to those statutory limits. The insurer waived “any other coverage defenses that exist now or may previously have existed.”
The district court granted judgment to the Faehnrichs, holding that Nevada public policy precludes application of the family-member exclusion to bar all recovery. The insurer appeals.
II. Discussion
In our judgment, this case presents an important, open question of Nevada law. We review de novo a district court’s decision concerning the appropriate choice of law, Abogados v. AT & T, Inc., 223 F.3d 932, 934 (9th Cir.2000), and we apply Nevada’s choice-of-law rules as we think the Supreme Court of Nevada would apply them, id.; Takahashi v. Loomis Armored Car Serv., 625 F.2d 314, 316 (9th Cir.1980). Because we have doubts about how the Supreme Court of Nevada would apply those rules here, we seek its guidance.
Nevada uses a multi-factor test to determine whether to enforce a choice-of-law provision in a contract. Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortg. Investors, 95 Nev. 811, 603 P.2d 270, 273 (1979). The parties must have acted in good faith, without an intent to evade the law of the state where the contract was formed; the situs of the chosen law must have a substantial relationship to the contract; and the terms of the contract may not contravene Nevada public policy. Id. So long as the parties satisfy these factors, the contract’s choice-of-law provision must be given effect. Id.
We hold that the parties have satisfied all of the factors but the last, as to which we are in doubt. There is no evidence that the parties acted in bad faith or that they attempted to evade the laws of Mississippi. Mississippi had a substantial relationship to the contract because the Faehnrichs resided there when the policy was issued and for some time afterward. The one question that remains is whether the policy’s family-member exclusion, which would deny any recovery to the Faehnrichs if we apply Mississippi law, contravenes Nevada’s public policy.
At least one case, Sotirakis v. United Service Automobile Ass’n, 106 Nev. 123, 787 P.2d 788 (1990) (per curiam), suggests that the exclusion may apply without offending Nevada public policy. In that case, two California residents with a California insurance policy had an accident while traveling in Las Vegas. Id. at 789. The policy contained a family-member exclusion, which California allowed. Id. The Supreme Court of Nevada affirmed the application of California law, holding that the family-member exclusion did not violate Nevada’s public policy. Id. at 792.
By contrast, at least one other Supreme Court of Nevada case, Williams v. United Services Automobile Ass’n, 109 Nev. 333, 849 P.2d 265 (1993) (per curiam), suggests that Nevada public policy would disallow reliance on the exclusion here. In Williams, another California resident suffered injuries from a car accident in Neva *1140 da. Id. at 265-66. As in Sotirakis, the Court had to decide which law to apply. Id. at 266. The Court looked back at its prior cases and interpreted them to mean that Nevada public policy bars the application of another state’s law only if it would “preclude all recovery for the injured insured.” Id. at 267. Because the plaintiff had recovered $300,000 already, the Court held that California law could be applied to bar additional relief. Id. As noted, in this case, application of Mississippi law would “preclude all recovery for the injured insured.” Id.
We are not persuaded that Sotirakis controls this case. Sotirakis approved the application of California law to a contract that covered California residents who happened to have an accident while driving through Nevada. The singular connection between the injured passenger and Nevada was the location of the accident. 787 P.2d at 791. The court declined to rely on such a “fortuitous” circumstance, worrying that “[i]f this were enough to apply a state’s law, then laws would be applied according to the fortuity of where the accident occurred rather than by the provisions of the insured’s policy.” Id.
That concern does not apply here. In this case, the injured parties were Nevada residents, which, under Nevada case law, creates a more substantial relationship to the insurance contract. In Daniels v. National Home Life Assurance Co., 103 Nev. 674, 747 P.2d 897, 899 (1987) (per curiam), for example, the Supreme Court of Nevada emphasized Nevada’s “overriding concerns of protecting its citizens and [ejnsuring that they are afforded fair and equitable treatment by insurers.” Those overriding concerns, together with the absence of the fortuitous circumstance that drove the court’s decision in Sotirakis, lead us to conclude that we cannot ignore the passage in Williams that clearly suggests that Nevada law might apply here.
On the other hand, we recognize that Williams cited Sotirakis with approval (at least with respect to the factors that bear on the analysis), and the key sentence in Williams may be dictum. Accordingly, we respectfully certify the following question to the Supreme Court of Nevada.
III. The Question Certified
Does Nevada’s public policy preclude giving effect to a choice-of-law provision in an insurance contract that was negotiated, executed, and delivered while the parties resided outside of Nevada, when that effect would deny any recovery under Nevada Revised Statutes section 485.3091 to Nevada residents who were injured in Nevada?
TV. Conclusion
This appeal presents an open question of Nevada state law that will determine the outcome of this case. We respectfully request that the Supreme Court of Nevada accept and decide the question certified. We recognize that the Court may, in its discretion, reword the certified question. We agree to abide by the Court’s decision as specified by Rule 5(h) of the Nevada Rules of Appellate Procedure, which states that “[t]he written opinion of the Supreme Court stating the law governing the questions certified ... shall be res judicata as to the parties.”
The clerk of this court shall forward a copy of this order, under official seal, to the Supreme Court of Nevada, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within 14 days of any decision by the Court to accept or decline certification. If the Court accepts certification, the parties shall then notify the clerk of this court *1141 within 14 days of the issuance of that court’s opinion.
IT IS SO ORDERED.