# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROYCE INTERNATIONAL
BROADCASTING CORPORATION;
GOLDEN STATE BROADCASTING,
LLC; SILVER STATE BROADCASTING,
LLC; EDWARD STOLZ,
INDIVIDUALLY AND AS SUCCESSOR
TRUSTEE OF THE DOMINIC ROSE
TRUST UTD APRIL 27, 2007,
Appellants,
vs.
GORDON & REES, LLP, A
CALIFORNIA LIMITED LIABILITY
PARTNERSHIP,
Respondent.

No. 72148

FILED

OCT 3 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

ROYCE INTERNATIONAL
BROADCASTING CORPORATION;
GOLDEN STATE BROADCASTING,
LLC; SILVER STATE BROADCASTING,
LLC; EDWARD STOLTZ; AND
EDWARD STOLTZ AS SUCCESSOR
TRUSTEE OF THE DOMINIC ROSE
TRUST UTD APRIL 27, 2017.
Appellants,
vs.
GORDON & REES LLP, A CALIFORNIA
LIMITED LIABILITY PARTNERSHIP,
Respondent.

No. 74272

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a judgment upon jury verdict in a contract action for unpaid legal fees and a post-judgment order granting attorney fees and costs. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-42760

Edward Stolz owns several radio stations and other business interests. In 2012, Stolz approached Robert Schumacher, an attorney in Gordon Rees Scully Mansukhani LLP's (Gordon & Rees) Las Vegas office, about potentially representing him and some of his entities in pending litigation in Nevada. One of the matters they discussed was a lawsuit in California alleging Stolz's stations had not paid for the rights to the music it broadcasted. They additionally discussed whether Stolz could be indemnified by his insurance company. Stolz said that his insurer was The Hartford (Hartford), but that he did not have a policy that would indemnify him. Schumacher advised Stolz that Hartford was a Gordon & Rees client, and that the firm could not represent Stolz in any litigation against Hartford; however, Gordon & Rees could write Hartford a letter requesting that it assume Stolz's defense in that lawsuit. Gordon & Rees advised Stolz that if it wrote Hartford a letter, and Hartford denied the request, Stolz would have to seek other counsel if he wished to pursue Hartford further. When Hartford denied the request, Stolz hired an insurance coverage attorney recommended by Gordon & Rees, but never pursued litigation.

Gordon & Rees sent separate engagement agreements for each of the various matters for which it was representing Stolz. Each agreement provided that in the event of litigation over fees, the prevailing party would be entitled to attorney fees "includ[ing] Gordon & Rees LLP's own attorney time and costs." Stolz did not sign every agreement for which his entities were being represented. By June 2012, a few months after Stolz retained Gordon & Rees, it was apparent that Stolz was not paying his legal fees. Subsequently, in October 2012, Gordon & Rees terminated its representation.

Gordon & Rees initiated the underlying suit against Stolz for nonpayment of fees and costs. Stolz counterclaimed, alleging malpractice based on Schumacher's failure to inform him in writing of Gordon & Rees' existing relationship with Hartford when he hired the firm to represent him. The counterclaim was dismissed on statute of limitation grounds, and the case proceeded to trial. Although Stolz's malpractice claim was dismissed, failure to disclose the conflict remained his main defense against payment at trial. After a four-day jury trial, the jury rendered a unanimous verdict in favor of Gordon & Rees, and against all defendants, on all claims. Gordon & Rees filed a motion for attorney fees and costs, which was granted. Stolz now appeals both the judgment and order granting attorney fees.

*The district court correctly applied Nevada law*

Stolz argues the district court should have applied California law because Gordon & Rees is a California law firm, the underlying representation concerned a California lawsuit, and Stolz contacted the California office of Gordon & Rees to retain representation. Gordon & Rees counters that three of Stolz's corporations are Nevada corporations, Stolz's initial consultation was in the Las Vegas office with a Nevada bar-licensed attorney, which is the conduct that Stolz takes issue with, and that Nevada has a strong interest in regulating the conduct of Nevada attorneys. We agree.

"This court reviews . . . the district court's legal conclusions de novo." *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013). "This court has adopted the substantial relationship test to resolve conflict-of-law questions. Under this test, the state whose law is applied must have a substantial relationship with the transaction; and the

transaction must not violate a strong public policy of Nevada." *Williams v. United Servs. Auto. Ass'n*, 109 Nev. 333, 334, 849 P.2d 265, 266 (1993) (citation omitted). The most significant factors for contracts include the place of contracting, the place of the negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, or place of business of the parties. *Id.* at 334-35, 849 P.2d at 266.

We conclude that the district court correctly applied Nevada law. The incident in question—whether Gordon & Rees should have disclosed the Hartford conflict in writing before representing Stolz— occurred in Nevada. The fee agreement, in fact, was signed by the managing partner in Gordon & Rees's Las Vegas office. Additionally, Nevada has an interest in regulating Nevada attorneys and adjudicating disputes for Nevada businesses. Nevada and California have the same public policy interest here because the guidelines for the ethical conduct at issue are virtually the same in both states.

Moreover, Nevada did not adopt the ABA model rules choice of law provision, which would have required that conduct in connection with a matter pending before a tribunal be governed by the rules of the jurisdiction in which the tribunal sits, even though Nevada did adopt the ABA jurisdictional rule. *Compare* RPC 8.5, *with* Model Rules of Prof'l Conduct r. 8.5 (Am. Bar Ass'n 2017). The district court was correct in noting this when determining not to use the California Rules of Professional Conduct as jury instructions. Accordingly, we conclude the district court was correct in applying Nevada law.

*The district court did not abuse its discretion in not giving Stolz's proposed jury instructions*

Stolz contends that the district court erred in not giving his proposed jury instructions on recovery of payment for legal services. He argues the alternate jury instructions given at trial were not adequate because they included a "but for" instruction for attorney malpractice, rather than a "basic instruction" informing the jury that not disclosing a conflict in writing is a basis for denying compensation. He also argues that the district court erred in not giving his proposed conflict disclosure instruction because if the jury was properly instructed on the law governing conflicts of interest for attorneys, a different result would have occurred. Gordon & Rees counters that the district court gave alternate instructions covering these same grounds and that Stolz's proposed instructions were incorrect statements of law.

"'The district court has broad discretion to settle jury instructions and decide evidentiary issues,' thus, this court reviews the decision to give or not give a specific jury instruction for abuse of discretion." *Mathews v. State*, 134 Nev., Adv. Op. 63, 424 P.3d 634, ___ (2018) (quoting *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001)). "[A]buse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted). "The district court may . . . refuse a jury instruction . . . that is substantially covered by other instructions. In addition, a district court must not instruct a jury on theories that misstate the applicable law." *Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002).

We conclude that the jury instructions given on Stolz's theory of the case—that Gordon & Rees not disclosing its representation of Hartford was a basis to not pay its legal fees—was substantially covered by the other instructions. First, the parties had conflicting expert testimony on whether Gordon & Rees' conduct fell below the standard of care in its failure to disclose the "conflict." The jury was instructed to consider that testimony for both malpractice and professional negligence defenses. *See Origel-Candido v. State,* 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.") (alteration in original). The jury was also instructed that "[a] lawyer shall not represent a client if the representation involves a concurrent conflict of interest," instructed on the definition of a concurrent conflict of interest, and instructed that a violation of that rule, or any rule of professional conduct, may be considered in its determination of whether Gordon & Rees committed malpractice. Thus, the jury could have found that non-disclosure of the conflict was professional negligence or malpractice and denied compensation. However, it did not. Accordingly, the district court did not abuse its discretion.

*The district court did not abuse its discretion in awarding attorney fees and costs to Gordon & Rees*

Stolz argues that, even if the district court was correct in not giving his proposed jury instructions, the district court abused its discretion in awarding attorney fees and costs because a party that represents itself—including a law firm—is not entitled to attorney fees. Stolz further argues that, to the extent the court awarded fees based on a provision in the fee agreement, only three of Stolz's entities signed written contracts. Gordon

& Rees counters that the law governing whether attorneys can collect fees for representing themselves only applies in situations where there is no contract covering such fees. Furthermore, the jury found, and the district court stated in its decision and order, that "Stolz's Companies accepted the terms of the written Engagement Agreement as binding to all matters handled by [Gordon & Rees]." Thus, it argues, the district court was correct in finding that Gordon & Rees was entitled to reasonable attorney fees under the contractual agreement, pursuant to NRS 18.010(1). We agree.

This court "review[s] the district court's decision regarding attorney fees for an abuse of discretion." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006). Generally, law firms in Nevada may not recover fees when an attorney within the firm represents it. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1220-21, 197 P.3d 1051, 1060-61 (2008); *see also Dezzani v. Kern & Assocs., Ltd.*, 134 Nev. Adv., Op. 9, 412 P.3d 56, 63 (2018) (allowing costs, but affirming that "[this court] ha[s] consistently held that attorney litigants who proceed pro se may not be awarded attorney fees because when attorneys represent themselves or their law firms, no fees are actually incurred"). However, NRS 18.010(1) states that "[t]he compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." Here, the district court found that there was a contract between the Stolz companies and Gordon & Rees providing that Gordon & Rees could obtain attorney fees in the event there was a dispute to enforce the agreement. *See May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005) ("[T]he question of whether a contract exists is one of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on

substantial evidence."). Thus, the district court awarded fees because Stolz agreed to pay those fees, even if Gordon & Rees was representing itself.

Awarding fees provided for by a contract between parties, under NRS 18.010(1), is distinguishable from a court awarding fees to an attorney or law firm, under NRS 18.010(2), solely because a statute allows for such. Although we previously held in *Dezzani* that an attorney representing his or her law firm may not collect fees because no fees were actually incurred, the rationale in *Dezzani* is not applicable to the present facts. *See Dezzani v. Kern & Assocs., Ltd.*, 134 Nev. Adv., Op. 9, 412 P.3d at 63. The parties in *Dezzani* did not have the contractual relationship that the parties here have. *Id.* In particular, Stolz agreed to pay such fees incurred by the law firm. "[P]ublic policy . . . requires that parties of full age and competent understanding must have the greatest freedom of contracting, and contracts, when entered into freely and voluntarily, must be upheld and enforced by the courts." *Easton Bus. Opportunities, Inc. v. Town Exec. Suites E. Marketplace, LLC*, 126 Nev. 119, 130, 230 P.3d 827, 834 (2010) (quoting 5 Richard A Lord, Williston on Contracts § 12:3 (4th ed. 2003)). Furthermore, "Nevada has long recognized public interest in protecting the freedom of persons to contract." *Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 187, 300 P.3d 124, 128 (2013) (internal quotation marks omitted). Both Stolz and Gordon & Rees are sophisticated parties and they agreed that Gordon & Rees could receive attorney fees in the event that litigation transpired over Stolz's failure to pay the agreed upon legal fees. Accordingly, the district court did not abuse its discretion in awarding attorney fees, pursuant to NRS 18.010(1), because the fee award was established by a contract between the parties.

Having found that the district court correctly applied Nevada law and did not abuse its discretion in not giving Stolz's proposed jury instructions or awarding attorney fees and costs, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ Pickering _____ , J.
Pickering

_____ Gibbons _____ , J.
Gibbons

_____ Hardesty _____ , J.
Hardesty

cc:   Hon. Linda Marie Bell, Chief Judge
      Eleissa C. Lavelle, Settlement Judge
      Mincin Law, PLLC
      Gordon & Rees Scully Mansukhani LLP
      Eighth District Court Clerk

---

[1]We have considered the parties' remaining arguments and conclude they are without merit.